OPINION OF THE COURT
Millard L. Midonick, S.
In this probate proceeding the executors-petitioners have requested that the court determine the need or desirability for the appointment of a guardian ad litem to represent the interests of the decedent’s widow. The petition alleges that the widow suffered a stroke more than a decade ago and since that time has been paralyzed on her right side, is unable to speak or write, and no committee or conservator has been appointed for her to date. The appointment of a guardian ad litem does not bar such a committee (or conservator) from appearing as a party, if one shall be appointed. (SCPA 402, *209 subd 1.) The widow has appeared by attorneys who, in their answer to the petition, allege that the widow is mentally alert and competent, that her comprehension and understanding have not been impaired, and that she is sufficiently able to communicate with others and to retain counsel of her own choosing. The answer specifically denies that the widow is mentally incapacitated or disabled. The attorneys for the widow have submitted in support of the answer a letter from a physician who conducted a neurological evaluation of the widow. This court has not heard any evidence with respect to the widow’s incapacity and has not had an opportunity personally to observe the widow. The court is thus not in a position at this time to make a finding that this widow is mentally incapacitated or incompetent.
SCPA 103 (subd 24) defines an incapacitated person as one "who for any cause is incapable adequately to protect his rights, although not judicially declared an incompetent”. On the basis of the papers submitted, it appears that the widow may be incapable of adequately protecting her rights in this probate proceeding and is thus a person under a disability in that sense. It is seriously inconvenient for her to appear in court. The court therefore "deems it necessary to appoint a guardian ad litem to protect the interests of’ this widow. (SCPA 403, subd 2.) She would receive a greater share of this estate if decedent had died intestate. (SCPA 403, subd 3, par [a].)
The allegations of the petition require the court to appoint a guardian ad litem to make an investigation and report to the court as to what steps should be taken to protect the widow’s interests. (Sengstack v Sengstack, 4 NY2d 502; Wurster v Armfield, 175 NY 256.) Such appointment will insure the validity and effectiveness of any future probate decree herein should a determination be made at any time that the widow, a necessary party herein, was in fact incapacitated. (Cf. Matter of Arneson, 84 Misc 2d 128.) Accordingly, the court has appointed the attorney previously designated to accept process, as guardian ad litem for the widow, and he is directed to make whatever investigation is necessary to protect the interests of the widow. The guardian ad litem can seek instructions of the court as required in the course of his investigation (Matter of Rappaport, NYLJ, March 4, 1975, p 15, col 1 [Sobel, S.]; see, also, Tate v McQuade, 83 Misc 2d 951, 957-958).
*210 The appointment of the guardian ad litem should in no way detract from the responsibility of the attorneys who have appeared for the widow and who will continue to represent her in the probate proceeding. The Court of Appeals has stated in Matter of Aho (39 NY2d 241, 247) that only counsel directly responsive and accountable, "whose duty is to carry out the subjective wishes of his client to the best of his ability by appropriate means”, can fill the position of an unbiased protagonist of the wishes of the client. The court pointed out that a guardian ad litem may of necessity be obliged to act contrary to the desires of his ward in order to protect the best interests of his ward.
An order has been signed appointing the guardian ad litem.