*789 OPINION OF THE COURT
Gerard M. Weisberg, J.
This is an application pursuant to CPLR 1201 and 1202 by Harry Weingarten, petitioner, for his appointment as guardian ad litem for his sister, Sally Weingarten Yanowitz.
The petitioner alleges that on December 29, 1977 his sister was injured on the premises of Rockland Psychiatric Center due to the negligence of its agents, servants and employees, and that of the State of New York. He further alleges that she was then and still is "incarcerated” at Rockland.
The attorney for the defendants appeared on the submission of this motion, but took no position with respect thereto. It is obvious that Mrs. Yanowitz suffers from some emotional or psychiatric handicap and, although there was no opposition to this motion, we deem a person in her position to be a ward of the court. It is consequently the primary responsibility of the court to insure that her interests are protected and that she is afforded an opportunity to be heard. (Sengstack v Sengstack, 4 NY2d 502; Wurster v Armfield, 175 NY 256; see Code of Judicial Conduct, canon 3 A [4].)
The threshold question is whether this court has the power to appoint a guardian ad litem for her. CPLR 1201 provides in part: "A person shall appear by his guardian ad litem if he is an infant * * * or person judicially declared to be incompetent and the court so directs because of a conflict of interest or for other cause, or if he is an adult incapable of adequately prosecuting or defending his rights.” Although Mrs. Yanowitz is referred to in the caption as "a Person of Unsound Mind”, the petition fails to allege that she is incompetent or that she is incapable of adequately prosecuting her own rights. There is similarly no indication as to the nature or extent of her ailment.
In Matter of Lugo (8 AD2d 877, affd 7 NY2d 939) the Appellate Division, Third Department, held that where an alleged incompetent was actually an inmate of an institution for mentally unsound persons, she was entitled to the appointment of a guardian ad litem to protect her interests, even though she had not been judicially declared to be an incompetent. In that case, it appeared that Ms. Lugo had been committed to the Rockland State Hospital pursuant to the Mental Hygiene Law. As Judge Breitel stated in Boland v State of New York (30 NY2d 337, 342): " 'commitment to a state *790 hospital, which is based upon the character of the finding required by statute for admission as a patient, is sufficient to overcome the presumption of a claimant’s competency.’ (19 Carmody-Wait, 2d, op. cit., supra, p. 748.)”
In the present case, there is no indication as to whether Mrs. Yanowitz is subject to a court order of commitment or whether, on the contrary, she was admitted to Rockland as a voluntary patient. We cannot therefore make a finding that she is incompetent. The statute does not however require that we do so; it is sufficient that we find Mrs. Yanowitz to be unable to effectively prosecute her rights.
Synthesizing and expanding upon the rules set forth in Lugo (supra) and Boland (supra), this court holds that when an application is made for appointment of a guardian ad litem to represent a person who resides in a mental institution, whether on a voluntary basis or pursuant to court commitment, such residence creates a presumption that the person involved is unable to adequately prosecute or defend his rights. This presumption is rebuttable, but it is nevertheless sufficient prima facie to warrant the court’s entertaining the petition, and in a proper case, granting it.
However, based on the papers presently before the court, we do not deem this a proper case for the reason that the application is defective in three respects.
First, the notice of motion was not served upon the person with whom Mrs. Yanowitz resides as required by CPLR 1202 (subd [b]). It may perhaps be argued that in a case such as this, where that person is charged with causing the injuries, notice should not be required because of the obvious adverse interest. However, the language of the rule is clear and unambiguous. It is not for this court to add a proviso where the rule-making body in its wisdom did not deem such appropriate. (Rapp v New York City Employees’ Retirement System, 42 NY2d 1; Matter of Flannery v State of New York, 91 Misc 2d 797.) This observation having been made, whether the rule should be modified is left to the Legislature or the Judicial Conference. (CPLR 102; Judiciary Law, § 229, subd 3.)
Second, and more importantly, the notice of motion was not served personally upon Mrs. Yanowitz, as is also required by CPLR 1202 (subd [b]). In the absence of a judicial declaration of incompetence or other court determination of her mental condition, due process requires that she be given an opportunity to be heard. It may be that she is capable of *791 prosecuting her rights on her own behalf, or making a determination that she does not desire to sue. Mental ailments vary and the legal implications with respect thereto vary as well. (Mochen v State of New York, 43 AD2d 484; Young v State of New York, 92 Misc 2d 795.)
Finally, petitioner has not stated facts demonstrating his ability to answer for any damage sustained by reason of his negligence or misconduct as required by CPLR 1202 (subd [c]). He merely states in conclusory fashion that he is financially responsible. Such a pro forma allegation provides no basis for the court to make its own determination of petitioner’s financial resources. (Villafane v Banner, 87 Misc 2d 1037; Pettas v Pettas, 88 Misc 2d 955.) At the very least, upon an application of this kind, the petitioner is required to set forth some indication of his present income, assets and liabilities.
Accordingly, the motion is denied without prejudice to renewal upon proper papers in accordance with the requirements heretofore stated.