In the Matter of the Estate of JESSIE C. BEST, Deceased. ANTHONY R. REID, Appellant; DAVID L. MCCOLLUM, Respondent.

Second Department, July 16, 1984

APPEARANCES OF COUNSEL

*Carter, Ledyard & Milburn* (*Devereux Milburn* and *Pandia C. Ralli* of counsel), for appellant.

*David S. J. Neufeld* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Pursuant to the terms of the decedent's will, which was duly admitted to probate in Westchester County, the residuary of her estate was to be placed in trust, with the income paid to decedent's daughter Ardith Reid for her life, and then to Ardith's surviving issue, with the remainder to be distributed outright to the succeeding generation. Ar-

dith Reid died on September 29, 1980, survived by appellant Anthony R. Reid, a child of her marriage to William R. Reid, and by respondent David L. McCollum, Jr., who was born out of wedlock and was adopted shortly after his birth by David and Floy McCollum. Because the trustees began paying the income from the trust to appellant, but refused to make any payments to respondent, respondent petitioned the Surrogate for judicial settlement of the trustees' account and an order directing the trustees to divide the trust fund into two parts and pay the income from one part to respondent, as directed by the will. Thereupon the trustees petitioned for judicial settlement of their account and a construction of the will with respect to the rights of appellant and respondent. Respondent's petition was apparently abandoned, and both filed objections to the accounting submitted by the trustees, placing in issue their respective rights to the income from the trust fund. The Surrogate held that respondent's adoption did not affect his right to inherit under the will of his natural ancestor, and that in the absence of any indication of a contrary intent on the part of the testatrix, the term "issue", unmodified, applies to "nonmarital" as well as "marital" descendants. He therefore directed that respondent be afforded a share in the trust equal to that of appellant, pursuant to the directions of the testatrix.

We agree with the reasoning of the Surrogate, and therefore affirm. Adoption, and the relationship between the adopted child and his adoptive and natural kindred, is solely the creature of statute (see *People ex rel. Sibley v Sheppard*, 54 NY2d 320). The only statute which restricts the right of an adopted child to inherit from his natural kin, does not apply, by its very terms, to inheritance under the will of a natural relative (Domestic Relations Law, § 117). Respondent's status as an adopted child therefore does not affect his right to the benefit of the trust, if he is considered the "issue" of his natural mother as the term is used in the will of decedent, his natural grandmother.

The courts of this State, including this court, held for many years that where the term "issue" was used, unmodified, in a testamentary instrument, it was presumed, in the absence of evidence to the contrary, that the testator

meant only marital, or "legitimate", issue (see *Collins v Hoxie,* 9 Paige Ch 81; *Central Trust Co. v Skillin,* 154 App Div 227; *Matter of Underhill,* 176 Misc 737). In 1976, however, in *Matter of Hoffman* (53 AD2d 55, 65), the Appellate Division, First Department, reversed this presumption, stating as the new rule, the following: "[W]e reject the rule that where the word 'issue', standing alone, appears in a will, it will be interpreted to include within its meaning only lawful descendants. We hold that the word 'issue' should be construed to refer to legitimate and illegitimate descendants alike in the absence of an express qualification by the testatrix." Because we agree with the reasoning set forth in the opinion of Justice Birns in *Matter of Hoffman* (*supra*), we hold that the Surrogate properly applied the presumption established therein in the case at bar.

The presumption is, of course, rebuttable. We have considered the evidence submitted to the Surrogate, however, and find it inconclusive with respect to the intent of the testatrix and therefore insufficient to overcome the presumption that the respondent is entitled to share equally with the appellant in the trust.

We have considered the parties' remaining contentions with regard to the respective rights of appellant and respondent and have found them to be without merit. Therefore, the Surrogate was correct in holding that respondent is entitled to an interest in the trust income equal to that of appellant, and directing the trustees to comply with the terms of the will with respect to his interest.

In addition, the Surrogate was within his discretion in directing that the attorneys' fees resulting from the instant construction proceeding be paid from the corpus of the trust as a whole (see *Matter of Ablett,* 3 NY2d 261).

NIEHOFF, J. P., BOYERS, LAWRENCE and EIBER, JJ., concur.

Decree of the Surrogate's Court, Westchester County, dated February 23, 1983, affirmed, with costs payable personally by the appellant.