OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the defendant for an order directing a hearing upon the competency of the plaintiff Carmine Bocina and appointing a guardian ad litem, a committee or a conservator, dismissal of several causes of action for failure to state a cause of action, and “requiring and directing the plaintiff to set forth an amended complaint that is clear and concise, which sets forth who is suing in each cause of action, the nature of the damages sought, and does not contain scandalous and prejudicial matter”, and this cross motion by the plaintiffs for a default judgment, are denied without prejudice to renewal as provided herein.
The plaintiffs commenced this action seeking to recover damages as a result of the alleged fraud and negligence of the defendant in accepting the plaintiff Carmine Bocina and caring for the plaintiff Carmine Bocina at the defendant’s rest home.
*683 The plaintiff, Carmine Bocina, suffers from Alzheimer’s disease. In commencing this action the plaintiff, Carmine Bocina, and the coplaintiff, his wife, Mimi Bocina, were and continue to be represented by counsel.
The defendant, as is proper in the ordinary circumstance, has served her notice of motion upon the plaintiffs’ attorney. (See CPLR 2103, subd [b].)
However, when a party has moved for appointment of a guardian ad litem of another party in the action the ordinary rules of service do not apply. CPLR 1202 (subd [b]) provides: “Notice of motion. Notice of a motion for appointment of a guardian ad litem for a person shall be served upon the guardian of his property, upon his committee or upon his conservator, or if he has no such guardian, committee, or conservator, upon the person with whom he resides. Notice shall also be served upon, the person who would be represented if he is more than fourteen years of age and has not been judicially declared to be incompetent.”
There is no indication that the plaintiff Carmine Bocina has a guardian of his property, a committee or a conservator. The requirement of CPLR 1202 (subd [b]) is that the person who would be represented be served personally upon such a motion; the person must be given an opportunity to be heard. (Matter of Weingarten v State of New York, 94 Misc 2d 788, 790-791.)
Furthermore, it is indicated in the moving papers that the plaintiff Carmine Bocina no longer resides at the defendant’s rest home. However, there is no indication as to where he presently resides. Thus, it may be that the defendant has failed to give notice to the person with whom the plaintiff Carmine Bocina resides as required by CPLR 1202 (subd [b]).
Aside from these deficiencies, which must be cured before any further proceedings take place, there must be comment upon the response to the defendant’s motion for appointment of a guardian ad litem as well.
The response to the motion (and support for the cross motion) is set forth in an affirmation of the plaintiffs’ attorney. Therein it is stated that “the plaintiff, Mimi Bocina, does now consent to the appointment of a guardian *684 ad litem or representative for the benefit of her husband. Most definitely, however, she seeks this appointment and respectfully requests this Court to name her as guardian ad litem of the person and property of Carmine Bocina.”
While the coplaintiff and wife of the plaintiff Carmine Bocina might well be expected to be the natural and appropriate choice for the guardian ad litem of the plaintiff Carmine Bocina, the affirmation of the plaintiffs’ attorney is insufficient.
CPLR 1202 (subd [c]) provides: “Consent. No order appointing a guardian ad litem shall be effective until a written consent of the proposed guardian has been submitted to the court together with an affidavit stating facts showing his ability to answer for any damage sustained by his negligence or misconduct.”
Clearly, the affirmation of the plaintiffs’ attorney does not fulfill the requirements of CPLR 1202 (subd [c]).
Parenthetically, the court observes that the failure of the defendant to comply with the technical requirements of CPLR 1202 is not unique to this action, but seems to be more the rule than the exception. Perhaps the failure is one of the statute itself. Applications for appointment of a guardian ad litem may occur in many situations: a friend or relative may seek appointment for a potential plaintiff before commencement of an action; a plaintiff may seek appointment for a defendant before or after commencement of an action; a defendant may seek appointment for a plaintiff. Moreover, the party seeking appointment may be the person with whom the person for whom appointment is sought resides such as a spouse, or an institution being sued. Additionally, individuals for whom appointment is sought may suffer from various degrees of incompetence, ranging from “slight” incompetence, to lucid and illucid intervals, to coma.
These various situations and various combinations of situations render, at times, the application of CPLR 1202 (subd [b]) difficult, confusing or even ludicrous (such as service upon a comatose individual). Nevertheless, the rule takes no cognizance of the myriad of situations which can, *685 and often do, arise. Perhaps what is required is amendment of the rule so as to more clearly spell out the substantive requirements and the manner of compliance as circumstances vary. Such guidance would benefit both the court and counsel.
That note aside, returning to the matter at hand, until such time as the motion for appointment for a guardian ad litem has been properly brought on before the court and determined, the court declines to rule upon any of the other procedural or substantive issues raised by the motion and cross motion currently before the court.
Accordingly, the defendant’s motion and the plaintiffs’ cross motion are denied without prejudice to renewal in a manner consistent with this opinion.