OPINION OF THE COURT
C. Raymond Radican, J.
In this construction proceeding the question presented is whether the term "lawful issue” includes the testator’s non-marital great-grandchild who has been adopted out of the testator’s family.
Article sixth of the will creates a residuary trust for the benefit of the testator’s only son, Walter F. Kane, Jr., to the extent of three fourths of the income with one fourth of such income for the benefit of the son’s "lawful issue”. In the absence of such issue the entire income is payable to the son. Walter J. Kane, Jr., had only one child, Nancy Ellen, now deceased, who gave birth to a nonmarital child in the State of Wisconsin in 1980, and subsequently surrendered her for adoption in a proceeding in Family Court, Suffolk County, New York.
With the assistance of the Suffolk County Family Court, the efforts of this court, and the attorney appointed to receive process on behalf of the adopted child (SCPA 311), the adoptive parents reluctantly agreed to disclose the child’s identity and whereabouts so that process could be served on her and jurisdiction thereby completed. The adoptive parents have been assured that the identity and whereabouts of the child will be removed from the file and sealed separately by the court.
*283 Historically the use of the term "issue” in a testamentary instrument, unmodified by other language was presumed in the absence of evidence to the contrary, to mean only legitimate issue (Matter of Best, 102 AD2d 660, revd on other grounds 66 NY2d 151). However, in 1976 in Matter of Hoffman (53 AD2d 55, 65), this presumption was reversed, the new rule being stated as follows: "[W]e reject the rule that where the word 'issue’, standing alone, appears in a will, it will be interpreted to include within its meaning only lawful descendants. We hold that the word 'issue’ should be construed to refer to legitimate and illegitimate descendants alike in the absence of an expressed qualification by the testatrix.”
The Court of Appeals has recently indorsed the Hoffman holding (supra) by referring to it as a "rebuttable rule of construction” (Matter of Best, 66 NY2d 151, 155, supra). It is clear here, employing the constructional rule enunciated in the Hoffman case, that the testator has expressly qualified the term issue by limiting it to "lawful issue”. However, not only is the child excluded from sharing by reason of its failure to qualify as lawful issue, but her adoption out of the family is further cause to disqualify her from any share (Matter of Best, 66 NY2d 151, supra).
In its recent decision in the Best case (supra), the Court of Appeals stressed that "[powerful policy considerations militate against construing a class gift to include a child adopted out of the family” (p 155), and that they should not be so included unless the adopted child is "specifically named in a biological ancestor’s will, or the gift is expressly made to issue including those adopted out of the family” (p 156).
For all of the reasons advanced, the adopted out nonmarital great-grandchild is determined to have no interest in the trust, and the entire income is at present payable to Walter F. Kane, Jr., pursuant to the terms of the will.
The problems presented by fact patterns similar to those appearing here can create what in effect are jurisdictional nightmares (see, Matter of Best, 66 NY2d 151, supra). Although the attorneys do not reveal their source of information, it may have been nothing short of miraculous how they learned that a child born in Wisconsin was subsequently adopted in Suffolk County, New York. The situation presents an eloquent plea for corrective measures to be enacted into law limiting the rights of adopted out children.