OPINION OF THE COURT
George B. Ceresia, Jr., S.
As an incident to this probate proceeding, petitioner seeks to dispense with service of citation upon the decedent’s father, Max Bergen, who appears to be a person under disability.
Decedent died leaving his wife and father as his sole distributees. The propounded will leaves his entire estate to his brother and sister. The decedent’s father is confined to the *703 Robinson Jewish Home in the State of Oregon. The medical director of Robinson has submitted an affidavit to the court which states, among other things, that Mr. Bergen is suffering from the typical dementia which accompanies advanced age, and that frequently he lapses into a world where he does not perceive reality. The affidavit also states that the knowledge of his son’s death could "cause (Max Bergen) substantial mental and emotional harm”. The decedent’s sister, the petitioner herein, and his brother are concerned with what effect the knowledge of the decedent’s death would have upon Mr. Bergen. Therefore, the petitioner has requested an order pursuant to CPLR 1201 and 1202 and SCPA 307 and 311 appointing a guardian ad litem to represent the interest of Mr. Bergen and to accept service of the citation on behalf of Mr. Bergen. Petitioner believes that such a procedure would obviate the necessity of having service of the citation upon her father and thus he would not be informed of the death of his son.
OPINION
The key issue to be resolved involves the interpretation of SCPA 311. Specifically, does SCPA 311 allow the Surrogate, in his discretion, to dispense with service of process on a person under disability and allow someone else to be served in lieu of the person under disability in order to obtain jurisdiction over the person under disability?
The court finds no case law directly resolving this issue.
SCPA 311 states as follows:
"§ 311. Designee for person under disability
"Whenever the person to be served is a person under disability, whether or not a party so requests, the court may in the interest of such person, require by order or direction in the minutes that a copy of the process issued be delivered to a person designated, in the manner and within the time specified. The person so designated shall have with respect to the proceeding while so designated, in behalf of such person, until the return of process and such further time as directed by the court, the same powers and duties as a guardian ad litem and is authorized to admit service of such process.”
It is axiomatic that every proceeding in Surrogate’s Court is a special proceeding and personal jurisdiction over the parties is obtained by service of process upon them in that proceeding (SCPA 203). Also, the CPLR and other laws applicable to *704 practice and procedure apply in the Surrogate’s Court except where other procedure is provided by the SCPA (SCPA 102).
SCPA 103 (40) defines a person under disability as follows: "Any person who is (a) an infant, (b) an incompetent, (c) an incapacitated person, (d) unknown or whose whereabouts are unknown or (e) confined as a prisoner who fails to appear under circumstances which the court finds are due to confinement in a penal institution.”
SCPA 103 (25) further defines an incapacitated person as follows: "Any person who for any cause is incapable adequately to protect his rights, although not judicially declared an incompetent, including a conservatee as designated in section 77.01 of the mental hygiene law.”
Since it appears that Max Bergen is a person under disability, petitioner argues that SCPA 311 should be construed to mean that it is only necessary to serve a designee on behalf of the person under disability in order to obtain jurisdiction over the person under disability. In the usual situation, the designee would be a guardian ad litem appointed by this court.
In questions of jurisdiction, the "elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections” (Mullane v Central Hanover Trust Co., 339 US 306, 314).
Petitioner calls the court’s attention to two cases she believes support her contention that the court can dispense with service upon Max Bergen. In Matter of Winston (92 Misc 2d 208, 209) Surrogate Midonick stated that "the court has appointed the attorney previously designated to accept process, as guardian ad litem for the widow, and he is directed to make whatever investigation is necessary to protect the interests of the widow.” The petitioner apparently construes this statement to mean that process was not required to be served upon the widow herself. The court’s reading of this case does not support such an interpretation since there is no specific reference to dispensing with service of process upon the widow.
The second case cited by petitioner, Matter of Anonymous (89 Misc 2d 132), seems to more closely touch upon the interpretation of SCPA 311. In resolving the main issue of the case, Surrogate Laurino determined that the natural parents *705 of an adult adoptive person were necessary parties to that adoptee’s application to have access to his sealed adoption records. He further determined that since the identity of the natural parents could not be disclosed, they were "persons under disability” and accordingly, a guardian ad litem was appointed to represent their interest and to be served with process on their behalf. While the SCPA 311 designee in Matter of Anonymous was referred to as being "an agent to accept service of process” (supra, at 135; emphasis supplied), the court also stated that as part of his duties, the designee "will be expected to determine the present whereabouts of the natural parents” (supra). The question of jurisdiction was not directly addressed in the court’s decision and it is not known whether the natural parents, once located, were required to be served with process.
The jurisdiction question unresolved in Matter of Anonymous (supra) was subsequently addressed by the Nassau County Surrogate’s Court. In Matter of Kane (130 Misc 2d 282), Surrogate Radigan had to construe whether the term "unlawful issue” included the testator’s nonmarital great-grandchild who had been adopted out of the testator’s family. In his decision, Surrogate Radigan noted that "[w]ith the assistance of the Suffolk County Family Court, the efforts of this court and the attorney appointed to receive process on behalf of the adoptive child (SCPA 311), the adoptive parents reluctantly agreed to disclose the child’s identity and whereabouts so that process could be served on her and jurisdiction thereby completed” (supra, at 282). From this statement, it is evident that Surrogate Radigan considered service on the person under disability, as well as on the SCPA 311 designee, a necessary requisite for the court to acquire jurisdiction.
There are two categories of cases where service only on a representative of or designee for a person under disability is held jurisdictionally valid.
The first category involves persons not yet in being. In Matter of Silver (72 Misc 2d 963), a proceeding to remove a trustee, the court had to resolve whether unborn contingent remaindermen of a trust were virtually represented by one of the present income beneficiaries. Surrogate Sobel decided that the unborn contingent remaindermen required independent representation. He then had to wrestle with how jurisdiction was to be obtained over them. Since it is obvious that "unborns” cannot be served with process, a guardian ad litem was appointed to receive process on their behalf. Surrogate Sobel *706 concluded that SCPA 311, "[w]hile applicable by its terms solely to 'person[s] under disability’ and not to 'persons not in being’ * * * may nevertheless be utilized as a means of effecting service upon and appearance by unborns” (supra, at 969).
The second category involves judicially declared incompetents and consérvateos. Under SCPA 307 (4) which incorporates the provisions of CPLR 309 (b) and (c), service of process on an incompetent or conservatee may be dispensed with by the court, and jurisdiction obtained by service within the State only on the court-appointed committee or conservator.
It appears that the logic behind SCPA 307 (4) and CPLR 309 (b) and (c), in allowing the court to dispense with the service of process personally upon a conservatee or incompetent, is that there has been a prior judicial proceeding where the conservatee or incompetent was served with process and in which there was an adjudication of disability or incompetency. This is not, however, the case when the person is under disability because of incapacity (SCPA 103 [25], [40]). Obviously, not everyone alleged to be incapacitated agrees that they are (see, Matter of Haynes, 82 Misc 228). Since there has been no judicial finding of the person’s "disability”, due process requires that such person be served with process to provide notice and opportunity to be heard.
This same logic has been used by the courts when entertaining application for appointment of guardians ad litem pursuant to CPLR 1202 (b) (Bocina v Schlau, 125 Misc 2d 682; Matter of Weingarten v State of New York, 94 Misc 2d 788). As pointed out by the court in Bocina v Schlau (supra, at 684), service is required even though "various situations and various combinations of situations render, at times, the application * * * difficult, confusing or even ludicrous (such as service upon a comatose individual).”
Even though, under the facts presented in this case, the court is sympathetic to the applicant, it is, nevertheless, constrained to conclude that SCPA 311 does not provide a means for dispensing with service of process on a person under disability. Rather, SCPA 311 is a procedural safeguard to assure that someone else besides the person under disability knows what is happening, and thus can intervene to protect the interest of the person under disability. Thus, service ordered upon a designee appointed pursuant to SCPA *707 311 is an "additional service” (1A Warren’s Heaton, Surrogates’ Courts § 74 [3] [d]).
Accordingly, petitioner’s application to dispense with service of process on Max Bergen is hereby denied. Petitioner is to submit citation to Max Bergen for issuance by the court.