2504 BPE Realty LLC v R.R. (2024 NY Slip Op 24306)

[*1]

2504 BPE Realty LLC v R.R.

2024 NY Slip Op 24306

Decided on December 3, 2024

Civil Court Of The City Of New York, Bronx County

Hassan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 3, 2024
Civil Court of the City of New York, Bronx County

2504 BPE Realty LLC, Petitioner(s)

against
R.R.; "John" "Doe"; "Jane" "Doe", Respondent(s)

Index No. LT-328853-23/BX

Amira E. Hassan, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and
Affidavits /Affirmations annexed 1
Answering Affidavits/ Affirmations 2
Reply Affidavits/ Affirmations
Other - NYSCEF Court File 1 through 18
Upon the foregoing cited papers, the Decision/ Order on DSS' order to show cause is as follows:
This nonpayment proceeding was commenced by Notice of Petition and Petition dated June 30, 2023, seeking possession and unpaid rental arrears for the subject premises located at 2504 Bronx Park East, Unit/Apt. 5E, Bronx, NY 10467. R.R.'s ("Respondent") tenancy is subject to a federal rent subsidy pursuant to a Housing Assistance Payment Contract ("HAP") and the rent is that which was determined by NYCHA to be Respondent's portion of the contract rent. Petitioner alleges to have served Respondent with the underlying pleadings by conspicuous place service on August 26, 2023, after reasonable application to personally serve him at the subject premises failed. See, NYSCEF Doc. No. 3. Post-cards were also mailed to the subject premises on or about August 31, 2023, notifying Respondent that a nonpayment case was started and their failure to come to court may result in an eviction. Respondent failed to answer the petition which caused Petitioner to hire a marshal to requisition a default warrant on February 8, 2024. Petitioner then needed to requisition a new warrant due to the untimely passing of Marshal Bia and a second warrant later issued to Marshal Rivera. A default judgment was entered on June 17, 2024. See, NYSCEF Doc. No. 10. A notice of eviction dated October 2, 2024, was sent to Respondent with an earliest eviction date of October 17, 2024.
The underlying order to show cause ("OSC") was filed on November 6, 2024, by Acting Corporation Counsel of the City of New York on behalf of the New York City Department of Social Services ("DSS"), as a friend of the Respondent, seeking appointment of a guardian ad litem ("GAL") for Respondent, a stay of execution of any warrant of eviction and vacatur of any judgment issued in this proceeding. DSS also seeks that pursuant to DRP-119, any psychiatric report and/or caseworker's affidavit in support of DSS' application to appoint a guardian be sealed. The OSC was signed and made returnable November 22, 2024. Despite proof of proper service on all parties, including Respondent, Respondent failed to appear in person. Petitioner [*2]filed written opposition to the motion. See, NYSCEF Doc. No. 17. After argument, the court reserved decision.
DSS asserts that Respondent is a 63-year-old adult incapable of adequately defending his rights due to his mental and physical health and absent intervention of a GAL, he would be unable to protect his tenancy rights. See, CPLR 1201. In support, DSS relies on a psychiatric report by Dr. Arshad Zaidi, not attached to their motion but instead "to be provided" to the court in person on the return date due to "sensitive information" contained therein which would be made public record if uploaded to NYSCEF. DSS also seeks vacatur of the underlying judgment alleging it was entered in contravention of CPLR §1203 which states that "no default judgment may be entered against an adult incapable of adequately defending his rights for whom guardian ad litem has been appointed unless twenty days have expired since the appointment." On the return date of the motion, a physical copy of the psychiatric report was given to the court only and Petitioner was expressly denied the ability to view it by DSS.
In opposition, Petitioner argues the relief must be denied in its entirety because they have not received a complete copy of the motion papers due to DSS' withholding of the medical report. See, CPLR §2103(e). Petitioner asserts the lack of privy to said report amounts to a violation of due process and cannot serve as a basis to vacate the default judgment and warrant. DSS' motion had anticipated this very issue and claimed they were not required to serve certain portions of the motion, such as the psychiatric report, on Petitioner pursuant to special rules under CPLR 1202(b) governing service of motions to appoint a GAL. Basically, Petitioner is not a party entitled to service of the notice of a motion for the appointment of a GAL and lacks standing to even challenge DSS' motion seeking the appointment of a GAL. See, Ungar v. Feller, 24 Misc 3d 1222(A) (Sup. Ct. Kings Co. 2009). Petitioner's objection is that service of a motion seeking the appointment of a GAL must be made in accordance with both CPLR §1202(b) and CPLR §2103(e) and that an adverse affected party has standing to oppose a motion to appoint a GAL just as it would have a reciprocal right to file a motion for a GAL.
An agency acting to protect interests of a party in the capacity of aiding that adult qualifies as that party's "friend" within the meaning of the statute permitting appointment of a GAL upon motion of a friend. CPLR 1202(a). The appointment of a GAL is justified when, based on a preponderance of the evidence, the court concludes that a party's condition impedes her ability to protect her rights. CPLR 1201. The "position of guardian ad litem is not a decision-making position; it is an appointment of assistance." Prospect Union Associates v. DeJesus, 167 AD3d 540 (Appellate Division, 1st Dep't 2018). Courts have found that standard can be met where DSS submits a report by a medical professional that supports such a finding. New York Life Ins. Co. v. V.K., 184 Misc 2d 727 (Civ. Ct. New York Co. 1999).
It is the court's duty to protect a litigant who is incapable of protecting his or her interests which "extends not only to the person but also his or her property." Barone v. Cox, 51 AD2d 115 (1976). A Housing Court Judge's appointment of an Article 12 guardian does not amount to a judicial declaration of incompetence. An Article 12 appointment only requires the court to find that, "based on the record, adult prospective wards are unable [to] adequately help themselves in a judicial proceeding [...] The nature of the inadequacy is undefined. The ward's incapacity might be cultural, linguistic, physical, intellectual, or psychological, to name a few." 1234 Broadway LLC v. Feng Chai Lin, 25 Misc 3d 476 (Civ. Ct. NY Co. 2009).
Courts have avowed that when a party has moved for appointment of a GAL of another party in the action the ordinary rules of service do not apply. For example, in one case the court [*3]found that service of the notice of motion for a guardian on that party's attorney, as normally appropriate under CPLR 2103(b), was technically insufficient because it failed to comport with CPLR 1202(b) for the latter required that "the person who would be represented be served personally upon such a motion; [so that] the person be given an opportunity to be heard [...] In the absence of a judicial declaration of incompetence or other Court determination of her mental condition, due process requires that she be given an opportunity to be heard." Application of Weingarten, 94 Misc 2d 788 (Court of Claims 1978). Petitioner is correct in that "any other party to the action, such as the adversary of an infant or person under disability, may make the motion [for a guardian] in order to ensure the effectiveness of the proceedings." CPLR 1202(a)(3). This Court avers, contrary to DSS' argument, that the service provisions under CPLR 1202(b) is concerned with service of notice of motion on the individual for whom appointment is sought for due process concerns, not the other parties to an action. DSS has not submitted any precedent to suggest otherwise and only relied on the plain reading of CPLR 1202(b). Therefore, this Court concludes that Petitioner is a party with standing and ought to be served with a copy of the notice of motion for appointment of a guardian. The Court notes that here, DSS' motion was served on Petitioner through NYSCEF without the medical report.
The Court had the opportunity to review the report from Dr. Arshad Zaidi of the Office of Health and Mental Health Services, Visiting Psychiatric Services, and it leads the Court to reasonably conclude that Respondent falls within the protections and purview of CPLR 1201. The novel issue that remains is that Petitioner believes they must be afforded an opportunity to view the report in support of the instant motion in full in order to address it on the merits. Petitioner's motion does not offer any facts or information, such as an affidavit, to dispute Respondent's alleged "condition", instead, Petitioner objects to the form of the motion which, although was "on notice", deliberately left out the factual bases for requesting the appointment (the medical/psych report) and only alerted Petitioner that Respondent is "impaired." While it is true that failure to attach and upload all exhibits made part of a motion deprives the opposing party of a complete record, this argument fails here and is addressed later in this decision. See, Arnoff v. Irving Grunberg, Wolf Grunberg Corp., 2018 NY Slip Op 30083(U) (Sup. Ct. NY Co. 2018).
Incapacitated and disabled individuals are often subject to summary proceedings because they are vulnerable to the very things that can cause someone to be in Housing Court. The Housing Court does what it can to assist these individuals by appointing guardians, often times sua sponte, where DSS fails to step in or Adult Protective Services ("APS") deems them to have "sufficient mental and physical capacity" despite how evident their need may be. There are times where this Court wonders if certain individuals would be better served by the appointment of an Article 81 guardian with decision-making abilities that Article 12 guardians simply do not have. It is a true balancing act to ensure an incapacitated or disabled individual can adequately defend their rights in Housing Court while dealing with the financial and property interests of the Petitioner, landlord. Where an individual has failed to appear in court and their disability or need is not apparent to the presiding judge, with the caveat that even if they did, many disabilities are not visible to the naked eye, DSS is in a privileged position to enlist medical professionals to shed light on their condition. How that vital information is communicated to the court and how the opposing party may or may not have access to it is a topic worth delving into.
Usually, the medical reports submitted to the court start with an explanation as to how the evaluating physician obtained the information therein. In the instant report, Dr. Zaidi alleges [*4]to have told Respondent the "purpose of the evaluation is to assist Adult Protective Services with case planning and make recommendations, that [his] role is different from that of a treating clinician, and that [his] findings are not strictly confidential. The client did not object and agreed to proceed (emphasis added)." Therefore, the report is neither automatically private nor sealed. DSS' motion requested to seal certain documents pursuant to DRP-199, specifically, the medical report. The Court's signing of the OSC on November 7, 2024, ordered that pending the hearing of this motion, the "psychiatric report submitted in support of this application is sealed" pursuant to DRP-199 and 22 NYCRR Section 216.1 to the court and the public. Interestingly, Petitioner's opposition speaks to DSS' confidentiality concerns and how it may be addressed by the court's sealing of the report or by redaction of the filing and "providing Petitioner an unredacted version of the report so that it can be on notice." See, NYSCEF Doc. No. 17 - ¶ 23, Affirmation in Opposition.
In the context of Article 81 proceedings, medical and psychological records are considered confidential (CPLR 4504(a), 4507) since most of the time, the allegedly incapacitated person is likely to be an "unwilling and involuntary participant" who cannot waive evidentiary privileges versus a party who participates voluntarily by putting their medical condition in question, such as plaintiffs involved in personal injury matters. Matter of Astor, 824 N.Y.S.2d 755 (2006). Outside of Housing Court, issues of privacy can be addressed such as with the use of court evaluators. The duties of a court evaluator include investigating the medical, financial, mental, and physical condition of the person and making a written report of his findings and recommendations to the court. See, MHL § 81.09(c). Then where appropriate, judges are able to seal a court evaluator's report from the public so as it would not violate the incapacitated person's privacy. Matter of Astor, 824 N.Y.S.2d 755 (2006); see also, Liapakis v. Sullivan, 290 AD2d 393 (Appellate Division, 1st Dep't 2002). Conceivably the Housing Court would benefit from the use of similar evaluators, where appropriate.
Prior to implementation of e-filing in Housing Court, physical copies of motions and orders to show cause were submitted at the clerk's office and questions raised in this motion did not arise. DSS' motion was submitted electronically on NYSCEF and did not append the medical report. While the Court understands why DSS was wary to file the report on NYSCEF, all documents maintained under electronic filing fall within the rules of the Appellate Division such as § 1245.8 titled "Confidentiality; Sealed Documents; Redaction", which states:
E-filed matters deemed confidential by statute or court directive, as well as sealed documents or documents that are the subject of an application to seal in an e-filed matter, shall be filed and maintained on the NYSCEF site in a manner that precludes viewing by the public and such other persons as the case may require. In all matters, authorized e-filers shall attest to compliance with statutory redaction requirements (e.g., General Business Law § 399-ddd) and relevant sealing requirements in filings.
Therefore, all documents, even documents containing confidential personal information ("CPI"), are to be maintained on NYSCEF. For purposes of this rule, CPI is referring to specific data such as a social security number, not necessarily the kind of information DSS is seeking to protect. Perhaps it was a fiction for this court to order that the psych report be "sealed" prior to its availability. Nonetheless, based on the allegations contained in the OSC, the Court thought it appropriate to preliminarily seal it. That is the reason why the report would not have been available to Petitioner.
There is an option to "provisionally seal" or "request to seal" a document on NYSCEF [*5]which will result in the document in question to be filed in a "restricted" status pending action by the court. This can also be done by filing an application in hard copy form with "Notice of Hard Copy Submission" annexed. This way, the court is able to rule on the sealing application while temporarily restricting access to the document maintained on NYSCEF. If the court decides to seal the document, "the moving party must file a Notification for Sealing (Form EF-7) to alert the County Clerk to seal the document." Going forward, DSS is advised to utilize this proper procedure when making these applications.
22 NYCRR Section 216.1(b) applies to court records which "include all documents and records of any nature filed with the clerk in connection with the action." As artfully explained by the Appellate Division, Second Department, "confidentiality is the exception to the general rule" and in deciding whether "the exception is properly invoked, the court must weigh the interests of the public against those of the parties. The burden of proof falls on the party seeking to seal the court records." Mancheski v. Gabelli Grp. Capital Partners, 39 AD3d 499 (Appellate Division, 2nd Dep't 2007). Furthermore, "a finding of good cause presupposes that public access to the documents at issue will likely result in harm to a compelling interest of the movant." Id. Although the meaning of "good cause" is not defined, "a sealing order should clearly be predicated upon a sound basis or legitimate need to take judicial action." Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V., 28 AD3d 322 (Appellate Division, 1st Dep't 2006). Ava v. NYP Holdings, Inc., 64 AD3d 407 (Appellate Division, 1st Dep't 2009); see also, Danco Labs., Ltd. v. Chem. Works of Gedeon Richter, Ltd., 274 AD2d 1 (Appellate Division, 1st Dep't 2000) (the court must make an independent determination of "whether to seal court records in whole or in part for good cause).
DRP-199 was effective January 30, 2013, as a policy to address concerns regarding Housing Court Files containing litigant's psychiatric evaluations. It states: "Pursuant to 22 NYCRR Section 216.1 Judges shall seal any part of Housing Court files containing medical and/or psychiatric reports or information" and describes the procedure to be followed when the court directs that such reports or information be sealed to the court and the public. Upon sealing such documents, the directive goes on to state that "the envelope containing the sealed documents shall be given to the judge hearing the petition by the ADCC or his/her designee, upon request." Last but not least, it advises that "any request to see any sealed record must be made by motion or order to show cause."
Here, given the sensitive nature of the medical history and information contained in the report, the Court finds good cause to keep it under seal pursuant to DRP-199 and 22 NYCRR Section 216.1. See, John C. v. Martha A., 156 Misc 2d 222 (Civ. Ct. 1992) (seal of entire court file in a landlord/tenant matter because information about respondent's HIV status was interspersed throughout the record); Frey v. Itzkowitz, 2019 NY Slip Op 31062(U) (Sup. Ct.) (good cause in circumstances where the information is regarding a matter conventionally confidential such as personal medical records). Petitioner's opposition failed to state a valid reason for why the medical information should be made available to them, other than that the overall result of granting DSS' motion and appointing a GAL would vacate their default judgment and warrant. The Court does not find that to be relevant to whether the medical report should remain under judicial protection. The Court is not depriving Petitioner of their ability to proceed in this case or even ultimately obtain a judgment and warrant on the merits. Respondent's medical condition is not actually relevant to this nonpayment proceeding. The Court is simply upholding its duty to ensure Respondent can participate in this case while sealing [*6]private medical information that could result in harm to Respondent if made available to the public. Furthermore, as per DRP-199, any request to "see" a sealed document must be made by motion or order to show cause. Petitioner never filed a cross-motion, on notice, alleging good cause to unseal the report and where DSS and Respondent would have the opportunity to appear and defend against such a request.
As noted earlier in this opinion, the Court finds based on a preponderance of the evidence in the record and Respondent's failure to appear, a GAL should be appointed to protect Respondent's interests. To that point, the Court finds that the default judgment and warrant must be vacated. Even absent a motion, the court has the "power to open its judgments for good cause and in furtherance of justice requires no less." NY Life Ins. Co. v. V.K., 184 Misc 2d 727 (Civ. Ct. NY co. 1999). Courts have concluded that C.P.L.R. § 1201, § 1203 supplants § 5015(a), because "an incapacitated person cannot knowingly and intelligently waive a substantive legal right, including the gravamen of a defaulted proceeding." Id; see also, Bronx Park Phase II Pres. LLC v. V.C., 56 Misc 3d 1218(A) (Civ. Ct. Bronx Co. 2017) (vacating the default judgment is also warranted by the strong public policies in this State favoring the resolution of cases on the merits rather than on default).
Accordingly, it is SO ORDERED that any default judgment and warrant entered against Respondent is vacated forthwith; ORDERED that a Guardian Ad Litem be appointed for Respondent; ORDERED that the psychiatric report submitted in support of this application is sealed to the Court and the public to protect the privacy interests of Respondent in accordance with DRP-199; and ORDERED that DSS upload a copy of the psychiatric report to NYSCEF under seal, pursuant to this Order, within ten (10) days. This matter shall appear on the court's calendar for all purposes in Part J, Room 490 on January 29, 2025, at 9:30am. This constitutes the Decision/Order of the Court. A copy of same to be uploaded to NYSCEF and mailed to the subject premises.
Date: December 3, 2024
Hon. Amira E. Hassan
Housing Court Judge