Howard NAVARRO, by his guardian and father, Murray NAVARRO, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. 89 C 3481.

United States District Court, E.D. New York.

Dec. 3, 1990.

Robert, Huber, Lerner & Bigler (Charles Robert, of counsel), Rockville Centre, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty., Brooklyn, N.Y. (Michelle J. Ritholz, Annette Blum, Jeanine Padula, Asst. U.S. Attys., of counsel), for defendant.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action contesting the government's determination that Howard Navarro is no longer eligible for Supplemental Security Income (SSI) benefits under the Social Security Act, 42 U.S.C. § 301 et seq., because he has "excess resources." The government has moved for judgment on the pleadings arguing that the decision is supported by substantial evidence and should be affirmed.

## I

The facts are not in dispute. Howard Navarro is a developmentally disabled adult who lives at the Maryhaven Congregate Care Facility in Suffolk County, New York. He has been receiving SSI since 1983.

In June 1988, plaintiff's father and guardian agreed to settle a medical malpractice action brought on plaintiff's behalf in New York State Supreme Court, Kings County. The court, at the guardian's request, included in the Settlement Order limitations on the use of the funds in the settlement award of $133,333.

The Settlement Order stated, in pertinent part, that the funds awarded plaintiff

shall be available only for a limited use which ... specifically shall not include the cost of home or residence upkeep, medical costs or maintenance needs for which public funds are available ... but said funds may be [used] subject to specific Court approval, for such personal items [for plaintiff] as a purchase or capital investment in or lease of a physical facility for mentally handicapped adults; non-medical transportation; a (sic) personal non-public funded items such as clothing, T.V., computer, or a vacation, or such similar non-covered items.

The parties do not dispute that the purpose of the limitations was to prevent the discontinuance of plaintiff's SSI and Medicaid benefits.

In November 1988, the Social Security Administration notified plaintiff that his benefits were being terminated because the settlement award constituted a resource in excess of the maximum of $1900. Plaintiff requested reconsideration of the decision, and later a hearing before an Administrative Law Judge, and appealed the Administrative Law Judge's adverse decision to the Appeals Council, all without success.

## II

The issue is whether the settlement award constitutes a "resource" of plaintiff as that word is defined by the Social Security Administration regulations.

The Administrative Law Judge determined that the funds of the award constitute a resource because 1) the restrictions placed on them in the Order do not bind the federal government, 2) even if the restrictions were given effect, the funds were still available to plaintiff for certain purposes, and 3) once a determination were made that the SSI payments were not payable due to "excess resources" the terms of the Order would not prohibit use of the funds for plaintiff's support.

■ 20 C.F.R. § 416.1201 defines the term resource as

... cash or other liquid assets or any real or personal property that an individual ... owns and could convert to cash to be used for his support and maintenance. If the individual has the right, authority or power to liquidate the property ... it is considered a resource. If a property right cannot be liquidated, the property will not be considered a resource.

The regulation by referring to property that an individual "owns" or "has a right, authority or power" to liquidate plainly refers to the individual's rights under state law. The regulations do not purport to define plaintiff's property rights as a matter of federal law. See *Buchbinder v. Bowen,* 709 F.Supp. 389 (S.D.N.Y.1989) and *Cannuni on Behalf of Cannuni v. Schweiker,* 740 F.2d 260 (3rd Cir.1984).

■ The fact that the award funds are available to the plaintiff for purchases of some specific items does not mean the award constitutes a resource. The regulation defines "resources" as assets that can be liquidated for plaintiff's support and maintenance. However the items for which the Settlement Order permits use of the funds may be characterized, they are not fairly denominated support and maintenance.

This court finds nothing in the Settlement Order that supports the Administra-

tive Law Judge's conclusion that if SSI payments are withheld, the funds are automatically usable for plaintiff's support.

The government argues here that to permit plaintiff to retain his eligibility will encourage wealthy individuals to qualify for SSI by placing their assets in trusts irrevocable except with the approval of a state court. No doubt this is true, and there is something unfair about the state court imposing costs on the federal government without the government being heard. But this court must follow the federal regulations. The court has been presented with nothing to suggest that the government could not amend the regulations to prevent what has been done here.

*Singer v. Secretary of Health and Human Services,* 566 F.Supp. 204 (S.D.N.Y. 1983) is not on point. There the court considered an inter vivos trust revocable by the recipient only if he became ineligible for SSI. The present Settlement Order contains no such provisions.

The decision terminating plaintiff's Supplemental Security Income benefits is reversed.

So ordered.