OPINION OF THE COURT
Edwin Kassoff, J.
In this medical malpractice and negligence action, plaintiff Gregory Hughes, by his father and guardian ad litem Robert Hughes, moves to resettle an order of this court dated September 13, 1990. This case involves the issues of whether it is appropriate for this court to appoint a guardian ad litem for the plaintiff and whether this court should approve the payment of the settlement proceeds into a supplemental needs trust for the benefit of plaintiff.
The facts in this case are not in dispute. In 1985 plaintiff Gregory Hughes, an adult who had not been adjudged incompetent, commenced a suit against the above-named defendants, alleging that he sustained serious personal injuries, namely mental retardation, due to medical malpractice which occurred during the course of his birth on February 23, 1965. After years of pretrial discovery, a tentative offer of settlement was made to Gregory Hughes by the defendants, and in an effort to accept this settlement, Robert Hughes, plaintiff’s father, sought to be appointed his son’s guardian ad litem. On July 30, 1990, a hearing was held before this court at which it was revealed that plaintiff, although he was competent in most other respects, was unable to handle his financial affairs. Thereafter, this court appointed Robert Hughes the guardian ad litem for plaintiff for the purpose of accepting, if he deemed it proper, and subject to court approval, a settlement of the within action.
Plaintiff’s attorney proposed that a certain supplemental needs trust first be established for plaintiff and that the settlement funds, subject to court approval, would be paid directly to the trustee of this trust, without the funds passing to either plaintiff or his guardian. The guardian ad litem was also appointed for the purpose of authorizing the payment of the settlement funds directly to the trustee of the supplemen *663 tal needs trust which was to be established, if he deemed it proper and also subject to court approval. Subsequently, the parties agreed upon a firm settlement figure, the supplemental needs trust was established for plaintiff and the guardian ad litem indicated that he approved of the payment of the settlement funds directly to the trustee of the supplemental needs trust. The parties then sought this court’s approval for the proposed settlement.
As a general rule, the courts are under a duty to protect the special interests of an impaired person by the appointment of a guardian, a conservator or a committee. The manner in which these interests are to be protected is left to the wide discretion of the courts on a case-by-case basis, particularly where the individual is an unadjudged incompetent.
It is well settled that a guardian ad litem is required to be appointed by a court at any stage in any action if the party under a disability is incapable of adequately protecting his or her rights (CPLR 1201, 1202; see, Matter of Weingarten v State of New York, 94 Misc 2d 788). Similarly, a conservator may be appointed by the court when a resident, who has not been judicially declared incompetent, and who, by reason of mental weakness or other causes, has suffered substantial impairment of his ability to care for his property or has become unable to provide for himself or his dependents (Mental Hygiene Law § 77.01 [1]). The appointment of a committee, on the other hand, requires that the incapacitated person be judicially declared incompetent after a hearing (Mental Hygiene Law § 78.01).
In light of the principle that courts do not "shut their eyes to the special need of protection of a litigant actually incompetent but not yet judicially declared such” (Sengstack v Sengstack, 4 NY2d 502, 509; see, Wurster v Armfield, 175 NY 256, 262), this court finds that in the instant matter the appointment of Robert Hughes, as guardian ad litem, would best protect the rights and interests of his son, particularly his son’s eligibility for governmental benefits, as discussed below.
As a result of his mental disability, plaintiff Gregory Hughes is entitled to receive Supplemental Security Income (SSI) if his income and resources are below the amounts established by the enabling Federal SSI statute and the New York State statutes (see, 42 USC § 1382 [a]; Social Services Law §§207, 208, 209 [3] [d]; [4], [5]; §211). There are no Federal regulations that deny public funds to a mentally *664 disabled person who resides in the community and not in a medical institution where such individual is the beneficiary of a trust administered by a trustee who is empowered to provide support to his incapacitated beneficiary (see, 42 USC § 1396). As defined by 20 CFR 416.1201, the term “resource” is cash or any other liquid assets or any real or personal property that an individual owns which can be liquidated and used for his support and maintenance. Furthermore, if that individual has the “right, authority or power” to liquidate the asset, then such asset is considered a resource.
The instant supplemental needs trust instrument provides that any existing or future governmental assistance shall be the primary source of plaintiffs medical, custodial and financial support and the trust is to provide only for his supplemental needs. The purpose of establishing such a supplemental needs trust with its restrictive limitations on disbursing funds is so that the trust corpus remains unavailable as a resource so as not to cause the termination of plaintiffs SSI and Medicaid benefits while at the same time generating income to pay for any personal items of need not covered by the SSI or Medicaid programs.
The mere fact that the award proceeds are available to the disabled beneficiary for the purchase of some supplemental items does not mean that the award constitutes a resource (see, Navarro v Sullivan, 751 F Supp 349 [ED NY 1990]). If settlement funds are sufficiently sheltered through a court order and by analogy through a properly worded irrevocable trust, such funds cannot be considered a resource so as to terminate the beneficiary’s SSI benefits (see, Navarro v Sullivan, supra). The United States Congress repealed the SSI and Medicaid benefits transfer rule which previously was applicable to individuals who resided in the community by enacting the Medicare Catastrophic Coverage Act of 1988 (Pub L 100-360, 102 US Stat 683) and although much of this legislation was subsequently repealed by the enactment of the Medicare Catastrophic Coverage Repeal Act of 1989 (Pub L 101-234, 103 US Stat 1979), Congress failed to reinstate the transfer rule which would have required the spend down of the settlement funds prior to plaintiff’s becoming eligible for benefits. The instant settlement proceeds, if paid directly into the supplemental needs trust, cannot be fairly characterized as being earmarked for the primary support and maintenance of the plaintiff as evidenced by the express language and specific *665 intent of the trust instrument itself. Therefore, by placing the settlement proceeds in the proposed supplemental needs trust, Gregory Hughes’ eligibility for public assistance benefits will not be adversely affected, and thus, such a settlement is in his best interest.
In the vast majority of cases, the appointment of a conservator or a committee would be in the best interests of a disabled individual. In the instant matter however, the court finds that a conservator or committee might not be able to fully take advantage of the present rules regarding eligibility for benefits, since a committee or a conservator would be required to use any settlement proceeds of the disabled person for all his needs, and it could be found that they would then have the "right, authority or power” to liquidate the assets, thereby making these proceeds "resources”. By appointing a guardian ad litem with the power to settle the action and by establishing an irrevocable supplemental needs trust and directing that all settlement funds are to be directly placed therein, neither the disabled individual nor his guardian retain any "right, authority or power” to liquidate the funds, and it appears that such funds cannot be characterized as a "resource”. Accordingly, the plaintiff herein is afforded the opportunity to take full advantage of the Federal legislation since neither he nor his guardian would have any power to liquidate the irrevocable trust funds.
Accordingly, this court approves the payment of the settlement proceeds of this action directly to the trustee of the supplemental needs trust set up for the benefit of plaintiff. Such a result is warranted under the specific circumstances of this case, as hereinbefore set forth, including an analysis of the plaintiff’s best interests, the specific terms of the instant supplemental needs trust instrument and the fact that the trustee will be bonded. This decision should not be considered as a model for the placement of assets into a supplemental needs trust for a disabled person since it is based on the particular facts and circumstances of this case.
Plaintiff’s motion to resettle the order of this court dated September 13, 1990 is granted. Upon resettlement, the court modifies its earlier order to the extent that all settlement proceeds shall be paid directly to the trustee of the supplemental needs trust, Virginia Hahn, the mother of Gregory Hughes.