OPINION OF THE COURT
Robert W. Doyle, J.
This motion "to settle” the claims of plaintiff, Eileen Trotta, an adult incapacitated party having no committee, conservator or guardian appointed for her is, for the reasons set forth below, denied without prejudice to the interposition of a further application upon proper papers.
Plaintiff, Eileen Trotta, sustained personal injuries in a pedestrian knock-down, motor vehicle accident that occurred on October 27, 1984. On that date, the plaintiff was struck while crossing Sunrise Highway by a vehicle operated by defendant Phelan. One day prior to the accident, defendant, Southside Hospital, refused to admit the injured plaintiff for treatment of apparent psychiatric disorders. By the complaint served in this action, the plaintiffs charge the defendants with negligence in causing the personal injuries sustained by plaintiff Trotta in the accident. By order dated February 22, 1987, plaintiff, Joan Tierney, was appointed guardian ad litem for the injured plaintiff upon a showing that such injured plaintiff was an adult person whose mental condition rendered her incapable of adequately prosecuting her claims herein. As guardian ad litem, plaintiff Tierney continued the prosecution of this action on behalf of the incapacitated adult plaintiff.
By the instant application, plaintiff Tierney, as guardian ad litem, seeks court approval of a proposed compromise of the claims interposed in this action. Pursuant to the terms thereof, the injured plaintiff’s claims against defendant Phelan would be settled for $100,000 while the injured plaintiff’s claims against Southside Hospital would be withdrawn without payment of any monies by such defendant. Plaintiff Tierney further requests that the $100,000 recovered by reason of the proposed compromise be distributed as follows:
(1) the sum of $34,923.36 be paid to counsel for plaintiff, Joan Tierney, for legal fees and disbursements;
(2) the sum of $61,076.62[1] be paid to the Suffolk County Department of Social Services (DSS) in partial satisfaction of its purported lien asserted against the proceeds recovered herein;
*855 (3) the sum of $4,000[2] to be deposited in an account pursuant to CPLR 1206 (b) or (c) and dedicated to use as a burial fund for the injured plaintiff.
The action last appeared on the Trial Calendar of this court on February 22, 1994, on which date counsel advised that the parties had agreed to a settlement. Plaintiff Tierney then interposed the instant application for court approval of the proposed compromise and for distribution of the proceeds by motion on notice to the defendants. Plaintiff further noticed the Suffolk County Department of Social Services, which purportedly asserted a lien against the proceeds recovered herein pursuant to Social Services Law § 104-b. Before it considers the merits of plaintiff’s application, the court must resolve the various procedural issues presented thereby which arise by reason of the following factual circumstances: (1) that the injured plaintiff is an adult incapacitated party having no committee, conservator or guardian pursuant to Mental Hygiene Law article 81 or SCPA article 17A appointed for her, and (2) that plaintiff Tierney, as guardian ad litem, has prosecuted the claims of the injured plaintiff, and in such capacity, has interposed the instant motion for court approval of a compromise thereof.
Not at issue here is the fact that persons suffering from a legal disability, such as infancy, incompetency or want of understanding, may prosecute claims or defend their rights in legal actions brought by and against them. CPLR article 12 sets forth the procedures by which infants, incompetents, conservatees and incapacitated adult persons having no fiduciary may prosecute or defend their claims and rights in such actions. The rules set forth therein and in other laws and rules were enacted in apparent recognition of the equitable duty of the court to consider infants and other parties under legal disability to be wards of the court and to protect them as such. Pursuant to CPLR 321, all such persons are precluded from appearing in civil actions by attorney. Instead, incapacitated parties may only appear in such actions by those designated in CPLR 1201 as proper representatives of such parties. Pursuant to CPLR 1201, adult incapacitated persons must appear by their committees, conservators, or court-appointed *856 guardians,[3] or in default thereof or for good cause shown, then by a guardian ad litem appointed by the court in which the action is pending pursuant to CPLR 1202.
Although a guardian ad litem appointed for an incapacitated adult party may prosecute and/or defend the claims and rights of such a party, the guardian ad litem is the only CPLR 1201 representative who is not authorized to apply for court approval of a proposed compromise of the claims of such incapacitated party pursuant to CPLR 1207. Nor is a guardian ad litem entitled to receive the proceeds recovered in such action pursuant to CPLR 1206. Instead, only court-appointed fiduciaries of adult incapacitated parties, such as committees, conservators and guardians appointed under article 81 of the Mental Hygiene Law or SCPA article 17A [4] may apply for court approval of a compromise of the claims belonging to the ward pursuant to CPLR 1207 and 1208. Such court-appointed fiduciaries are also the only persons entitled to receive the proceeds recovered in the action pursuant to CPLR 1206, unless the court directs distribution to the persons, financial institutions or investment accounts set forth in subdivisions (a) to (d) of CPLR 1206.
In view of the foregoing, this court must first decide whether it may properly entertain the instant application by plaintiff Tierney, as guardian ad litem for the adult incapacitated plaintiff, for court approval of the proposed compromise of the claims of her ward and for an order directing distribution of the proceeds in accordance with the amended order submitted herein or as otherwise directed by the court. At least one other court has addressed the issue and resolved it against the petitioning guardian ad litem. In Fales v State of New York (108 Misc 2d 636 [1981]), the Court of Claims denied the motion of a guardian ad litem appearing for the adult incapacitated plaintiff for court approval of a proposed compromise interposed pursuant to CPLR 1207 and for distribution of the proceeds to such guardian ad litem. The court held that the guardian ad litem was arguably not authorized to *857 apply for court approval of the settlement pursuant to CPLR 1207 and clearly not authorized to collect and manage the proceeds recovered for the benefit of the incapacitated plaintiff pursuant to CPLR 1206.
This court would not hesitate to apply, without further discussion, the well-reasoned holding of Fales v State (supra) to the instant application but for the fact that the amount of money available for distribution to the incapacitated plaintiff here, after payment of the legal fees demanded by counsel for the guardian ad litem and the lien asserted by DSS, is only $1,500. Clearly, such amount may be distributed to the director of the nursing home at which the incapacitated plaintiff resides pursuant to CPLR 1206 (b) as proposed herein. Approval of such distribution would obviate the need for the appointment of a guardian of the property for the incapacitated plaintiff, which guardian, as the court-appointed fiduciary of such plaintiff, would not only be entitled to collect the proceeds recovered herein, but obligated to properly manage, invest, apply them and account therefor. (See, Mental Hygiene Law §§ 81.20, 81.21, 81.31; SCPA 1761, 1719.)
The question thus presented is whether the court may entertain an application for court approval of a proposed compromise interposed by a guardian ad litem for an incapacitated adult plaintiff, where as here, the amount of monies available for distribution to such incapacitated adult plaintiff, after payment of legal fees, established liens or other proper claims asserted against the recovery, is de minimis and thus distributable pursuant to CPLR 1206 (b) which obviates the necessity for the appointment of a guardian or other court-appointed fiduciary to collect and manage the proceeds distributable to the incapacitated plaintiff.
After careful review of CPLR article 12, this court finds that it may properly entertain such application notwithstanding the absence of express statutory authority therefor in CPLR 1207. Unlike the mandatory provisions of CPLR 1206 which limit the persons to whom the proceeds recovered may be paid (see, DiGennaro v Community Hosp., NYLJ, Mar. 20, 1992, at 27, col 6 [Gerard, J.]), the provisions of CPLR 1207, which identify the persons who may apply for court approval of a proposed compromise, are permissive (see, 2 Weinstein-KornMiller, NY Civ Prac fl 1207.06).
However, the granting of the relief sought in any such application should be limited to those cases wherein it is *858 shown that (1) the application comports with CPLR 1207 and 1208 and that the proposed distribution of the gross proceeds is proper, (2) the net amount distributable to the incapacitated adult plaintiff is less than $5,000[5] and thus payable in accordance with CPLR 1206 (b),[6] and (3) the personal and financial circumstances of the incapacitated adult plaintiff do not otherwise require the appointment of a fiduciary, such as a guardian pursuant to article 81 of the Mental Hygiene Law or SCPA article 17A. Accordingly, an application by a guardian ad litem of an incapacitated adult plaintiff for court approval of a proposed compromise of such plaintiff’s claims and for distribution of the net proceeds on behalf of the incapacitated plaintiff pursuant to CPLR 1206 (b) must be supported by (1) the papers required by CPLR 1207 and 1208 and 22 NYCRR 202.67, and (2) affidavits alleging facts from which the court may determine whether the personal and financial circumstances of the incapacitated plaintiff are such that the appointment of a guardian pursuant to article 81 of the Mental Hygiene Law or SCPA article 17A is not necessary.
Here, the papers submitted fail to comport with the requirements imposed upon an application for court approval of a proposed compromise by CPLR 1208 and 22 NYCRR 202.67. For example, the papers submitted herein fail to set forth sufficient information and documentation in support of plaintiff Tierney’s application for court approval of the fees demanded by her attorney. Strict judicial scrutiny of such application is required since the incapacitated plaintiff was without legal capacity to retain counsel of her own choosing for purposes of commencing this action and/or prosecuting the claims interposed herein. As in those cases wherein other *859 fiduciaries, such as executors, administrators, guardians, receivers, assignees for the benefit of creditors, etc., request payment of their counsel fees out of the estates of their decedents or wards, this court is not bound by any retainer agreement executed by the guardian ad litem and her attorneys, as it may only award reasonable counsel fees which have been established to the satisfaction of the court (see, SCPA art 23; Matter of Freeman, 34 NY2d 1 [1974]; Judiciary Law § 474; CPLR 1208 [b] [3]; 22 NYCRR 202.67 [a] [7]; Mental Hygiene Law art 81; Business Corporation Law § 1210; Matter of Ronan Paint Corp., 98 AD2d 413 [1984]; Debtor and Creditor Law § 21; Matter of Fisher Bookbinding Co., 119 Misc 2d 713 [1983]).
Additionally, the instant application fails to include other information required by CPLR 1208 and 22 NYCRR 202.67 such as the current physical condition of the incapacitated plaintiff relative to the injuries she suffered in the accident, the existence of unpaid medical claims, and various other items specified in 22 NYCRR 202.67. Nor did the application supply the court with any particulars regarding the amount and validity of the lien purportedly asserted by DSS against the proceeds recovered herein. Without the information and documentation required by CPLR 1208 and 22 NYCRR 202.67, the court is unable to determine the validity of the claims asserted against the gross proceeds recoverable herein, including attorneys’ fees and the lien claimed by DSS. Should it be apparent from such information that the net amount distributable to the incapacitated plaintiff exceeds the $5,000 limitation set forth in CPLR 1206 (b) because of a failure to establish the reasonableness of the attorneys’ fees demanded and/or the validity of the Social Services lien, distribution pursuant to CPLR 1206 (b) is precluded. A formal fiduciary such as a guardian appointed pursuant to article 81 of the Mental Hygiene Law or SCPA article 17A will thus be required to collect the net proceeds recoverable herein.
Finally, the application fails to apprise the court of the personal and financial circumstances of the incapacitated adult plaintiff, unrelated to this action, from which the court may ascertain whether or not such circumstances require the appointment of a guardian for such incapacitated plaintiff pursuant to article 81 of the Mental Hygiene Law or SCPA article 17A. Absent such information the court will not direct distribution of the net proceeds pursuant to CPLR 1206 (b), as proposed herein by the guardian ad litem even if the net *860 amount distributable to the incapacitated plaintiff falls within the $5,000 limitation imposed thereon by CPLR 1206 (b). For if it appears that the personal and financial circumstances of this incapacitated plaintiff unrelated to this action warrant the appointment of such guardian, the court will require that guardianship proceedings be forthwith commenced and will direct that the net amounts distributable to such plaintiff be paid over to the guardian appointed.
Notwithstanding this court’s holding that a guardian ad litem may apply pursuant to CPLR 1207 for court approval of a proposed compromise of the claims of an incapacitated adult party having no court-appointed fiduciary and for distribution of the proceeds recovered thereby pursuant to CPLR 1206 (b), it respectfully implores the Legislature to amend CPLR article 12 to permit guardians ad litem, under the limited circumstances set forth above, to apply for such relief and to reflect the enactment of legislation such as article 81 of the Mental Hygiene Law, SCPA article 17A, EPTL 11-1.1 (19) and SCPA 2220. By such amendment, the discrepancies now existing between CPLR article 12 and these related statutes would be eliminated.
In view of the foregoing, the instant application by the plaintiff Tierney as guardian ad litem for the incapacitated plaintiff for court approval of a proposed compromise of such plaintiff’s claims and for distribution of the proceeds to those entitled thereto pursuant to CPLR article 12 is denied. Such denial is, however, without prejudice to the submission of a new application by such plaintiff for the same relief upon proper papers. This action is hereby removed from the Trial Calendar of this court, marked M.O.C.A. (marked off, case active) and reactivated as an IAS matter. All further applications shall be made returnable in the IAS Part of the undersigned, the IAS Justice assigned thereto. Counsel for the guardian ad litem shall, within 90 days after entry of this order, report the current status of this action to this court.

. By submission of an amended order, counsel for plaintiff Tierney proposed a distribution to DSS in the increased amount of $63,576.62.

. By submissions of an amended order, counsel for plaintiff Tierney proposed a reduced distribution to the injured plaintiffs personal allowance fund held by St. Johnsland Nursing Home in the amount of $1,500.

. Although CPLR article 12 has not been amended to reflect the enactment of article 81 of the Mental Hygiene Law or SCPA article 17A, both of which provide for the appointment of guardians for adult incapacitated parties, guardians appointed thereunder would clearly be proper representatives of such incapacitated parties within the purview of CPLR 1201, 1206, 1207 and 1208 (see, Cincotta v Weigers, NYLJ, Feb. 10, 1993, at 27, col 4 [Gowan J.]).

. As to guardians, see n 3 above.

. Compare this $5,000 limitation set forth in CPLR 1206 (b) with the $10,000 limitation set forth in SCPA 2220 and EPTL 11-1.1 (19).

. Although CPLR 1206 (c) and 22 NYCRR 202.67 authorize the court, in any ease, to direct distribution of the net proceeds to a financial institution or investment account rather than to the court-appointed fiduciaries identified in the first paragraph of section 1206, use of the distribution devices available under CPLR 1206 (c) is precluded in any case involving an incapacitated adult plaintiff having no court-appointed fiduciary and whose legal incapacity has never been formally adjudicated in proceedings commenced under the Mental Hygiene Law or SCPA article 17A. For in the absence of a formal adjudication rendered in such proceedings, wherein the incapacitated plaintiff, his or her distributees, and others having an interest in such plaintiffs welfare or estate have been afforded notice which comports with the requirements of due process, this court is without authority to direct distribution of the net proceeds pursuant to CPLR 1206 (c) rather than to the plaintiff.