OPINION OF THE COURT
Gerard D’Emilio, J.
This motion by Angeline DeSantis, guardian ad litem for plaintiff, Valentine Qualtiere, for an order "settling” and directing a distribution of the proceeds recovered in this action after a jury verdict is decided as follows: Plaintiff, Valentine Qualtiere, commenced this action to recover damages for the personal injuries he sustained on April 23, 1990. On that date the injured plaintiff was walking in front of a pharmacy owned and/or operated by the CVS defendants when the overhead sign collapsed, falling on plaintiff, thereby causing said plaintiff to sustain severe, serious injuries. After this action was placed on the Trial Calendar, plaintiff, Angeline DeSantis, was appointed guardian ad litem on behalf of the injured plaintiff by the Honorable Robert W. Doyle, J.S.C., the Justice presiding over the Trial Assignment Part. Such appointment was necessitated by the deteriorating condition of the injured plaintiff, who is now over the age of 65 years. Having satisfied the appointing court that the injured plaintiff was an adult incapacitated party who was unable to adequately prosecute his claims in this action, movant Angeline DeSantis was appointed his guardian ad litem pursuant to CPLR article 12.
Thereafter, the action was assigned to this court for trial, which culminated in a jury verdict in favor of the injured plaintiff against the defendants in the total amount of $185,000, together with $1,260 costs and interest from September 23, 1994. A judgment reflecting the jury award was entered on December 15, 1994 in favor of the injured plaintiff in the amount of $189,361.48, together with costs in the amount of $1,260. The guardian ad litem appointed on behalf of the injured plaintiff now moves for an order "settling” and directing distribution of the proceeds recovered in this action. Specifically, the guardian requests that the court direct payment of counsel fees in the amount of $62,700, together with *293 costs in the amount of $1,260 from the gross amounts payable by the defendants and that the net remaining, to wit, the sum of $125,401.48 together with any additional accrued interest, be paid to the guardian ad litem to be used for the sole benefit of the injured plaintiff.
For the reasons set forth below, this application is denied.
The law of this State allows all persons suffering from one or more legal disabilities, such as infancy, incompetency or want of understanding, access to its courts. Accordingly, all persons under legal disability may prosecute or defend any claim or cause of action they may have against another, during the term of their legal disability. Moreover, ownership of all money or other property recovered upon a claim or in an action successfully prosecuted on behalf of a disabled claimant, by verdict or settlement, vests in such claimant, notwithstanding his or her legal disability.
Nevertheless, there are special rules which are applicable to all judicial proceedings in which persons under disability are parties. Most are found in CPLR article 12 which sets forth the procedures by which infants, incompetents, conservatees, and other persons with legal disabilities may prosecute and defend their rights in actions brought by and against them. The rules set forth therein and in other rules and statutes were enacted in apparent recognition of the equitable duty of the court to consider all such persons under legal disability to be wards of the court. Wardship status extends to those, and only to those, who are unable to adequately protect their rights or to understand the nature of the pending judicial proceeding because they suffer from such legal disabilities as infancy, incompetency or want of understanding. All such wards are thus entitled to various protection which are afforded by the court and officers thereof, including all counsel who appear in the action.
Notwithstanding, his apparent serious physical injuries and other impairments, the injured plaintiff first appeared in this action and prosecuted his claims for money damages by attorney, pursuant to CPLR 321. That rule permits all natural persons to appear in civil actions by attorney unless they suffer from a legal disability, such as infancy or want of understanding, which renders them incapable of adequately prosecuting or defending their rights (see, CPLR 1201). Persons under legal disability are thus precluded from appearing in civil actions by attorney and must instead appear by those *294 designated in CPLR 1201 as proper representatives of such parties. Pursuant to CPLR 1201, adult incapacitated parties must appear in civil actions by their court-appointed fiduciaries, such as committees, conservators or guardians appointed under article 81 of the Mental Hygiene Law or SCPA article 17-A,[1] or in default thereof or for good cause shown, then by a guardian ad litem appointed by the court in which the action is pending pursuant to CPLR 1202.
It is not apparent from the record adduced here whether the injured plaintiff’s initial appearance in this action by attorney pursuant to CPLR 321 was proper, as the court is without information regarding whether the incapacity of the injured plaintiff arose prior or subsequent to the commencement of this action. What is clear is that the court was first made aware of the incapacity of the injured plaintiff after this action was placed on the Trial Calendar. Pursuant to section 1202, the court appointed the movant, who is the sister of the injured plaintiff, guardian ad litem (GAL) so that the action would proceed without undue delay to trial. Consequently, even if the injured plaintiff was incapacitated prior to the commencement of the action, the appointment of the movant as GAL pursuant to CPLR 1202 and the entry of a jury verdict in favor of the injured plaintiff cured any procedural defects arising from his original appearance in this action by attorney. However, neither of the foregoing circumstances would validate any retainer agreement signed by the injured plaintiff if, in fact, he was suffering from any legal disability at the time of the execution of any such retainer.
In addition to protecting the rights of the parties under disability during the course of an action brought by and against them, wardship statutes also afford protection to the property recovered therein by such parties. The provisions of CPLR 1206 extend such protection to all of the property to which an infant or other legally disabled party may be entitled and such protection may continue long after judicial proceedings in which the property was recovered were concluded. To protect the recovery of an infant or other ward *295 from all risk of loss associated with ward ownership thereof, CPLR 1206 precludes the ward from taking actual custody or possession of the property which he or she recovered in the action either by verdict or settlement. Consequently, the court is required under CPLR 1206 to direct distribution of any property to which the infant or other ward is entitled to a duly appointed fiduciary, such as a committee, conservator or guardian of the property, unless the court directs distribution to others in accordance with four alternative distribution methods prescribed in CPLR 1206 (a) through (d) or other relevant statutes (Trotta v Phelan, 161 Misc 2d 853 [1994]; Williamson v Alleyne, NYLJ, Mar. 27, 1995, at 32, col 1 [Sup Ct, Suffolk County, Floyd, J.]).
Although a guardian ad litem appointed for an incapacitated adult party may prosecute or defend the claims and rights of such a party, the guardian ad litem is the only CPLR 1201 representative who is not expressly authorized by statute to apply for court approval of a proposed compromise of the claims of such incapacitated party pursuant to CPLR 1207 (Fales v State of New York, 108 Misc 2d 636 [1981]; cf., Trotta v Phelan, 161 Misc 2d 853 [1994], supra). Nor is a guardian ad litem entitled to receive the proceeds recovered in such action pursuant to CPLR 1206 (Fales v State of New York, 108 Misc 2d 636 [1981], supra; Trotta v Phelan, 161 Misc 2d 853 [1994], supra). Instead, only court-appointed fiduciaries of adult incapacitated parties, such as committees, conservators and guardians appointed under article 81 of the Mental Hygiene Law or SCPA article 17-A are entitled to collect and receive the proceeds recovered in the action pursuant to CPLR 1206, unless the court directs distribution as follows: (1) to the persons, financial institutions or investment accounts set forth in subdivisions (a) through (d) of CPLR 1206; (2) to an irrevocable trust authorized by recent amendments to Social Services Law § 366 (2) (b) (2) and EPTL article 7; or (3) in the exercise of its inherent powers, which subsist independently from any statute and arise out of the court’s ancient and equitable duties owing to persons under disability, the court directs some other distribution provided the same serves the best interests of the ward before it (DiGennaro v Community Hosp., 204 AD2d 259 [1994]; Matter of Mills v Durst, 156 Misc 2d 676 [1993]; Williamson v Alleyne, NYLJ, Mar. 27, 1995, at 32, col 1 [Sup Ct, Suffolk County, Floyd, J.], supra; Trotta v Phelan, 161 Misc 2d 853 [1994], supra; cf., Fales v State of New York, 108 Misc 2d 636 [1981], supra).
*296 Here, the injured plaintiff, though suffering the legal disability of want of understanding, is apparently without a court-appointed fiduciary of either his person or property. The only fiduciary appointment known to this court was that of the movant as GAL pursuant to CPLR 1202. The authority of the movant was limited to the prosecution of the claims interposed herein by the injured plaintiff. Except for the obligation of reporting that the proceeds recovered have been duly paid over to the injured plaintiff or other persons entitled thereto, the authority of the movant as guardian ad litem terminated with entry of the judgment.
Nevertheless, the movant now asks this court to pay over the net proceeds belonging to the injured plaintiff to the movant as guardian ad litem, conditioned only upon a direction that she use them for the benefit of the injured plaintiff. However, this proposed distribution is repugnant to the distribution scheme contemplated by CPLR 1206. Payment of the net proceeds to the movant is wholly inconsistent with the first unnumbered paragraph set forth in CPLR 1206 which requires distribution to a court-appointed fiduciary of the injured plaintiff’s property. Distribution in accordance with subdivisions (a), (b) and (d) is not available under the circumstances of this action. Although the court is authorized to direct distribution pursuant to CPLR 1206 (c), it finds, that under the circumstances of this case, such a distribution would not serve the best interests of the injured plaintiff. Distribution pursuant to CPLR 1206 (c) contemplates that the legal disability from which the ward suffers will be removed sometime in the near future. It thus provides for deposit of the net proceeds recovered in the action in local banks without withdrawal until such time as the legal disability of the ward is removed. Here, the court is without information tending to establish that the injured plaintiff’s incapacity will be removed in the near future. Accordingly, this court declines to exercise the discretion vested in it under CPLR 1206 by directing that the net proceeds recovered herein be deposited in accordance with CPLR 1206 (c).
While the court is fully cognizant that it may direct a distribution other than that provided for in CPLR 1206, it may do so only upon a finding that such distribution is in the best interests of the injured plaintiff. Upon due consideration of the circumstances existent in this case, including the size of the net recovery and the fact that both the movant and the injured plaintiff are no longer residents of this State, the court *297 concludes that distribution to the movant as proposed herein will not serve the best interests of the injured plaintiff. Rather, the court finds, upon the facts presented on this motion, that distribution to a court-appointed guardian or other fiduciary having authority over the property of the injured plaintiff, as contemplated by the first unnumbered paragraph of CPLR 1206 will best serve the interests of the injured plaintiff. The court thus urges any and all persons having an interest in the welfare of the incapacitated plaintiff to immediately commence proceedings either in this State or in the State of his domicile for the appointment of a guardian of his property or other fiduciary so that the net proceeds recovered herein may be paid over to such fiduciary.
In view of the foregoing, the court directs the defendants liable for payment of the judgment to pay all sums due the injured plaintiff under the terms of said judgment entered herein on December 15, 1994, into court pursuant to CPLR 2601 (b). Accordingly, such defendants shall deposit with the County Treasurer the sum of $189,361.48, together with interest pursuant to CPLR 5003, within 20 days after service of a copy of this order with notice of its entry. Payment as herein directed is required since the injured plaintiff is apparently without a court-appointed guardian of his property or other like fiduciary who would be entitled to collect, receive and administer the net proceeds recoverable herein on his behalf. The funds so deposited shall thus remain on deposit pursuant to CPLR 2601 until further order of this court. Proof that the defendants against whom judgment has been entered have made payment into court as directed herein shall be filed with the court.
The defendants are further directed to pay to plaintiffs’ counsel the sum of $1,260, which sum represents the costs awarded them under the terms of the December 15, 1994 judgment. The application by plaintiffs’ counsel for approval of their attorneys’ fees is denied without prejudice to the interposition of a further application for the same relief upon proper papers.[2]
*298 The court once again urges all persons having an interest in the welfare of the injured plaintiff to forthwith commence proceedings such as those contemplated by article 81 of the Mental Hygiene Law or SCPA article 17-A for the appointment of a guardian of his property. Once such appointment has been made, the fiduciary may then apply for an order pursuant to CPLR 2606 directing distribution of the funds on deposit to such fiduciary.
Plaintiff is hereby directed to serve a copy of this order upon counsel for the defendants and upon all other persons and/or entities which may have an interest in the proceeds recovered by the injured plaintiff herein, by lien or otherwise, within 15 days of the date hereof.

. CPLR article 12 has not been amended to reflect the enactment of article 81 of the Mental Hygiene Law or SCPA article 17-A, both of which provide for the appointment of guardians for incapacitated parties, both adults and infants. However, guardians appointed thereunder would clearly be proper representatives of such incapacitated parties within the purview of CPLR 1201, 1206, 1207 and 1208 (see, Cincotta v Weigers, NYLJ, Feb. 10, 1993, at 27, col 4 [Sup Ct, Suffolk County, Gowan, J.]).

. The information provided by counsel in support of the instant application for counsel fees fails to provide the court with facts necessary for it to determine whether the amounts requested as and for counsel fees are reasonable. Counsel’s further application must include a more complete affidavit detailing the services rendered by counsel including itemization of the time spent and the hourly compensation rate claimed. Counsel’s reliance upon any retainer agreement signed by the injured plaintiff appears to be misplaced under the circumstances.