■ MARIA TUDOROV, Respondent, v LUCIA COLLAZO, Appellant. [627 NYS2d 419] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Milano, J.), dated April 26, 1994, which, *inter alia,* granted the motion of the plaintiff's guardian ad litem to settle the action and to receive the proceeds of the settlement on behalf of the plaintiff.

Ordered that the order is reversed, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing pursuant to Mental Hygiene Law § 81.11.

The Supreme Court lacked the authority to authorize the plaintiff's guardian ad litem to settle her personal injury claim over her objection and to receive the proceeds of the settlement on her behalf. It is well settled that a guardian ad litem may be appointed by a court at any stage of an action in which an adult is incapable of adequately prosecuting or defending his or her rights *(see,* CPLR 1201, 1202; *Hughes v Physicians Hosp.,* 149 Misc 2d 661). A guardian ad litem may be appointed to represent such a party even when no formal adjudication of incompetence has been made *(see, Matter of Lugo,* 8 AD2d 877, *affd* 7 NY2d 939). However, a guardian ad litem is not authorized to apply to the court for approval of a proposed settlement of a party's claim *(see,* CPLR 1207) or to receive the proceeds of a settlement pursuant to CPLR 1206 *(see, Hughes v Physicians Hosp., supra; Fales v State of New*

*York,* 108 Misc 2d 636). Instead, the right to apply for court approval of a proposed settlement and to receive the settlement proceeds is granted to a guardian appointed in accordance with Mental Hygiene Law article 81 *(see,* CPLR 1206, 1207). Accordingly, we find it appropriate, under the circumstances of this case, to remit the matter to the Supreme Court, Queens County, for a hearing to determine whether the plaintiff is incapacitated within the meaning of Mental Hygiene Law § 81.02 (b) and whether the appointment of a guardian to manage her property and financial affairs is necessary. Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.