■ In the Matter of JOSE M. FELICIANO, Respondent, v KARINA L. NIELSEN, Appellant, et al., Respondents. [736 NYS2d 510] —Peters, J. Appeal from an order of the Family Court of Cortland County (Avery, Jr., J.), entered January 8, 2001, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody.

Petitioner and respondent Karina L. Nielsen (hereinafter respondent) are the parents of two minor children born in 1989 and 1992. In 1997, pursuant to an order of Family Court, petitioner was awarded sole legal and physical custody of the children and respondent was granted visitation. In 1998, respondent's unfounded accusations that petitioner had sexually abused the children precipitated a modification of such order by, inter alia, restricting the parties' opportunity to have the children independently evaluated or treated. In April 1999, petitioner filed both a violation and modification petition alleging not only that respondent had violated the court's order, but also that visitation should be suspended and that he should be given permission to relocate out-of-state with the children. Additional petitions and motions followed.

The case was scheduled for trial on February 25, 2000. Three days before, respondent's counsel moved for the appointment of a guardian ad litem to represent respondent's interests and for an adjournment of the trial date. Her counsel asserted that respondent was being treated for disassociative disorder with suicidal ideation and that respondent was unable to provide reasonable direction to her regarding appropriate defenses and strategies.* Family Court granted the motion and appointed an attorney to serve as guardian ad litem. Thereafter, respondent was granted supervised visitation and the matter was rescheduled for trial.

On the eve of the September 6, 2000 trial, respondent's treating psychologist, Mary Jane Von Braunsberg, faxed an affidavit to Family Court noting that respondent had been institutionalized on six occasions since April 1999 and asserting that

---

* When litigation involving these parties was last before us, the record was bereft of medical evidence to support respondent's assertion of mental illness (*Matter of Feliciano v Nielsen*, 282 AD2d 783).

respondent's psychiatric condition had deteriorated to the point where she was unable to attend or participate in the proceeding. Von Braunsberg further opined that unless an adjournment took place, there was a serious risk that respondent would commit suicide. Confronted with an inordinate delay creating a standards and goals dilemma and potential emotional difficulties for the children, Family Court advised that the hearing would take place in respondent's absence and that in camera interviews would be conducted with the children. At the behest of respondent's assigned counsel, however, settlement discussions took place. Shortly thereafter, respondent's assigned counsel, the guardian ad litem representing respondent, and respondent's parents entered into a stipulation, on the record, which provided, inter alia, that petitioner would be permitted to relocate out-of-state with the children upon 60 days notice to respondent and the grandparents. Thereafter, the Law Guardian, in accordance with Family Court's order, interviewed the children and filed a written report which noted that the children were thriving under petitioner's care. Family Court thereafter entered an order incorporating the parties' oral stipulation. Respondent appeals.

Respondent contends that a guardian ad litem, appointed in a Family Court proceeding concerning custody or visitation, is without authority to resolve such matter by stipulation. Instead, the court is obliged to conduct a full fact-finding hearing unless the incompetent is present and satisfies the court that she understands and assents to the agreement or the guardian ad litem can satisfy the court that, based upon conversations with the incompetent, the agreement would be acceptable. We disagree.

While the CPLR provides for extensive protective procedures for the settlement of claims brought by or on behalf of incapacitated persons who are represented by guardians ad litem (see, CPLR 1207, 1208), no similar constraints apply to the resolution of claims against such persons (but see, CPLR 3217 [a] [2]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1207, at 352). Further, a guardian ad litem is not to be viewed as an "unbiased protagonist of the wishes of an incompetent" (Matter of Aho, 39 NY2d 241, 247) and may even act contrary to the wishes of its ward (see, id.; see also, New York Life Ins. Co. v V.K., 184 Misc 2d 727, 733). Here, the guardian ad litem properly fulfilled his role and articulated to Family Court that, based upon his conversations with respondent and the affidavit from Von Braunsberg, he believed that "the settlement outlined * * * [was] absolutely in

* * * [his] client's best interests in order to protect her present and future rights." For this reason, there was no need for a full fact-finding hearing.

Concluding that the guardian ad litem acted within the scope of his authority in entering into the stipulation of settlement, we need not address respondent's contention that relocation was unauthorized without a full inquiry into relevant facts and circumstances (*see, Matter of Gossett v Turner*, 126 AD2d 724). Were we to reach the merits, we would have concluded that since no hearing was requested and Family Court was possessed of sufficient information to properly review the children's best interests, the determination was proper (*see, Matter of Chittick v Farver*, 279 AD2d 673; *Matter of Shabazz v Blackmon*, 274 AD2d 770, *lv dismissed* 95 NY2d 945).

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.