244

**Daniel HECHT, by his co-guardian, Donald Hecht, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 02–6241.

United States Court of Appeals, Second Circuit.

June 27, 2003.

Charles Robert, Kassoff, Robert, Lerner & Robert, LLP, Rockville Centre, New York for Plaintiff–Appellant.

Vincent Lipari, Assistant United States Attorney, Eastern District of New York,

Brooklyn, New York (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Kathleen Mahoney, Assistant United States Attorneys, on the brief) for Defendant–Appellee.

PRESENT: LEVAL, RAGGI Circuit Judges, and SCULLIN, Jr.*

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 27th day of June, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the United States District Court for the Eastern District of New York entered September 3, 2002, is hereby AFFIRMED.

■ Appellant Daniel Hecht, who in 1974 was rendered totally disabled by a pertussis inoculation, through his guardian challenges the district court's judgment affirming the decision of Appellee Commissioner of the Social Security Administration ("SSA") to reduce Hecht's Supplemental Security Income ("SSI") benefits in light of a monthly disbursement to his parents of $750 out of a Supplemental Needs Trust ("SNT") to cover expenses for their son's room and board.[1]

As we explained in *Ellis v. Apfel,* 147 F.3d 139, 141 (2d Cir.1998), the SSA, operating within a "complex regulatory framework," provides SSI benefits to disabled individuals who meet statutory income and resource limitations. In Hecht's case, the SSA decided that funds in his irrevocable SNT account did not constitute a "resource" that rendered him ineligible for SSI benefits. *See* 20 C.F.R. § 416.1201(a) (1994) (noting that cash, liquid assets, or property qualifies as a "resource" for purposes of calculating benefits if the individual both owns the property and has the right to convert it to cash to be used for his support and maintenance); *see also* SSA Programs Operations Manual System ("POMS") SI 01120.200(D)(2) (noting that trust principal is not a resource if beneficiary lacks legal authority to revoke the trust or direct the use of its assets to his own support). Conversely, the SSA decided that disbursements from that same trust to reimburse Hecht's parents for his room and board did qualify as "income," thereby warranting a reduction in his benefits, *see* POMS SI 01120.200(E)(1) (noting that disbursements from a trust paid directly to the beneficiary or to a third-party in return for the beneficiary's receipt of food, clothing, or shelter qualify as income).[2]

---

* The Honorable Frederick J. Scullin, Jr., Chief Judge of the United States District Court for the Northern District of New York, sitting by designation.

1. The fund's principal consists of a $500,000 award that Hecht received in 1988 to settle a malpractice suit relating to his disability.

2. An SSI recipient is awarded a flat monthly benefit, which can then be reduced if he receives non-excludable "income." *See* 42 U.S.C. § 1382(b). "Income" is defined "as anything that a recipient receives in cash or in-kind that can be used to meet the recipient's needs for food, clothing and shelter. 20 C.F.R. § 416.1102." *Ellis v. Apfel,* 147 F.3d at 141.

In reviewing a district court decision upholding an SSI benefits determination, "we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir.2000) (citing *Schaal v. Apfel*, 134 F.3d 496, 500–01 (2d Cir.1998)). On this appeal, Hecht raises no evidentiary challenges; rather, he asserts that the district court failed to apply the correct legal standards to his case. Upon review of the district court's thoughtful memorandum and order, we disagree.

■ First, the district court did not err in declining to apply 20 C.F.R. § 416.1130(b) (1998) or *Jackson v. Schweiker*, 683 F.2d 1076 (7th Cir.1982), to Hecht's case. 20 C.F.R. § 416.1130(b) is a regulation concerned with income in the form of a rent subsidy, i.e., the difference between what an SSI applicant actually pays for rooming expenses and fair market value. In *Jackson*, where the SSI recipient was paying 77% of his income for rent, the Seventh Circuit questioned the propriety of treating any rent subsidy as "income" absent evidence that it actually made "additional resources available to the recipient (increased purchasing power) to meet his or her basic needs." 683 F.2d at 1087. *See Ruppert v. Bowen*, 871 F.2d 1172, 1180 (2d Cir.1989) (relying on *Jackson* in noting that rent subsidy might appropriately be disregarded as in-kind income where person paid disproportionate share of income for housing). In this case, however, as the district court correctly observed, Hecht does not himself pay any rent. Rather, it is the SNT trustee who, pursuant to court order, pays Hecht's par-

ents for his room and board. When a third party pays a recipient's expenses, the applicable regulation is 20 C.F.R. § 416.1103(g) (1994), which provides for "the value of anything the recipient receives as a result of such payment [to be] included in the recipient's income." *Ellis v. Apfel*, 147 F.3d at 141. Thus, a third party's payment of some amount for room and board provides Hecht with in-kind income pursuant to § 416.1103(g). Because we conclude that both the district court and the SSA correctly rejected Hecht's argument that the SSA should rely exclusively on *Jackson'* s rent subsidy analysis in determining his receipt of in-kind income, we further conclude that the district court properly declined to review alleged geographic disparities in the SSA's treatment of rent subsidies or to remand the case for further evidentiary exploration of that issue.

Second, the district court did not err in relying on the POMS in upholding the SSA's benefits determination. Hecht is correct that such policy statements are not entitled to the same *Chevron* deference as implementing regulations. *See Christensen v. Harris County*, 529 U.S. 576, 587–88, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000) (discussing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). Nevertheless, policy statements are "entitled to respect" to the extent that they have the "power to persuade." *Id.* at 587, 120 S.Ct. 1655 (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944)); *see also McMenemy v. City of Rochester*, 241 F.3d 279, 284 (2d Cir.2001) (upholding statutory interpretation in agency manual that was consistent with language and purpose of the law, noting that "even when deference is not required, an agency has a 'body of

experience and informed judgment to which courts and litigants may properly resort for guidance'" (quoting *Skidmore,* 323 U.S. at 140, 65 S.Ct. 161)). The distinction POMS SI 01120.200 draws between trust principal and disbursements is persuasive both because it is consistent with the treatment of in-kind income in 20 C.F.R. § 416.1103(g) as well as with New York State trust law. *See* N.Y. Est. Powers & Trusts Law § 7–1.12(b)(3) (McKinney 2002) ("actual distributions from the trust may be considered to be income or resources of the beneficiary to the extent provided by the terms of any [government benefits] program").

Third, to the extent Hecht complains that the SSA's failure to provide him with adequate notice of the regulations relied on in its benefits determination denied him due process, the claim merits little discussion given that the Appeals Council set forth the basis for the SSA's final determination. Further, for the reasons stated by the district court and in this order, Hecht's legal challenges to the SSA's application of relevant regulations is without merit.

Finally, Hecht submits that the state court order authorizing trust disbursements was specifically crafted to avoid any reduction in his SSI benefits and that the district court's contrary ruling runs afoul of the *Rooker–Feldman* abstention doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Pursuant to *Rooker–Feldman,* "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's rights." *Johnson v. DeGrandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). The doctrine is inapplicable. SSA did not lose in the state courts; it was not even a party to the state court proceedings. And the state court, whatever may have been its intentions, had no authority over the effect of its ruling on SSI benefits.[3]

For the reasons stated, the judgment of the district court is hereby AFFIRMED.

---

**3.** *Navarro v. Sullivan,* 751 F.Supp. 349 (E.D.N.Y.1990), upon which Hecht relies, is not to the contrary. At issue in *Navarro* was whether trust funds constituted a "resource" under 20 C.F.R. § 416.1201, thereby rendering plaintiff ineligible for SSI benefits. The district court did not abstain from considering that issue; rather, it ruled that use restrictions imposed on the trust funds by the state court deprived plaintiff of the power to liquidate the assets for his support and maintenance, which power was critical to the federal definition of "resource." *Id.* at 350. In this case, where the issue is whether trust disbursements constitute "income," the state court may not have intended for room and board payments to reduce Hecht's SSI benefits, but such third-party payments fall squarely within the definition of in-kind income pursuant to 20 C.F.R. § 416.1003(g) and POMS SI 01120.200(E)(1)(b).