■ In the Matter of AUDREY ELAINE SILLS, as Temporary Administratrix of the Estate of ANGELINE V. SILLS, Deceased, Appellant, v FLEET NATIONAL BANK et al., Respondents. (And Another Action and Another Proceeding.) AUDREY PATRONE PEARTREE, as Guardian ad Litem, Respondent. (Appeal No. 1.) [820 NYS2d 826]—Appeal from an order of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered December 27, 2004. The order denied the motion of Robert Sills, as guardian of the person and property of Angeline V. Sills, seeking, inter alia, to terminate the appointment of the guardian ad litem or to preclude her from settling or discontinuing certain lawsuits.

Appeal from an order (denominated agreement, stipulation and order) of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered January 11, 2005. The order incorporated a stipulation of settlement.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the agreement and stipulation is vacated.

Memorandum: These consolidated appeals arise in three lawsuits commenced by or on behalf of Angeline V. Sills (decedent), who died shortly after the entry of the orders on appeal. One of the lawsuits seeks, inter alia, a judgment "dissolving" an irrevocable trust established by decedent for the benefit of her daughter, Joan Royston, and her grandson, Kirk Richardson, and surcharging Fleet National Bank (Fleet) and Joan as

1158

trustees. The second lawsuit seeks, inter alia, the return of monies that Joan, as attorney-in-fact, allegedly misappropriated to herself, her husband, and Kirk. The third lawsuit concerns a revocable trust established by decedent and seeks, inter alia, a judgment requiring Fleet and Joan to account for their actions as trustees.

Robert Sills was appointed as guardian of the person and property of decedent and, during the course of his prosecution of the three lawsuits, it became apparent that he had a personal interest in the outcome of the lawsuits, and there were charges and countercharges to the effect that Robert and Joan each at times had exercised undue influence over decedent with respect to the subject matter of the lawsuits. Consequently, Supreme Court appointed respondent as guardian ad litem for decedent and directed the guardian ad litem to "determine the true wishes of [decedent] and how each of the pending lawsuits involving [decedent] should be handled." The guardian ad litem issued her report to the court, recommending the settlement of the three lawsuits on terms so favorable to decedent's opponents in the lawsuits that she in effect recommended a unilateral discontinuance of the lawsuits. Indeed, pursuant to the terms of the settlement entered into between the guardian ad litem and decedent's opponents in the lawsuits, decedent was required to pay substantial sums to those opponents in consideration of her discontinuance of the lawsuits.

In appeal No. 1, the temporary administratrix of decedent's estate appeals from an order denying the motion of Robert, as guardian of the person and property of decedent, seeking, inter alia, to terminate the appointment of the guardian ad litem or to preclude her from settling or discontinuing the three lawsuits. In appeal No. 2, the temporary administratrix of decedent's estate appeals from an order, denominated "Agreement, Stipulation and Order," that incorporated in its entirety the stipulation of settlement and thereby discontinued the three lawsuits on the terms recommended in the guardian ad litem's report.

Addressing first the order in appeal No. 2, we note the well-settled principle that "a guardian ad litem is not authorized to apply to the court for approval of a proposed settlement of [the claim of an adult adjudicated incompetent] . . . Instead, the right to apply for court approval of a proposed settlement and to receive the settlement proceeds is granted to a guardian appointed in accordance with Mental Hygiene Law article 81" (*Tudorov v Collazo*, 215 AD2d 750, 750-751 [1995]; *see Matter of Linden-Rath*, 188 Misc 2d 537, 540 [2001]; *DeSantis v Bruen*, 165 Misc 2d 291, 295 [1995]; *Trotta v Phelan*, 161 Misc 2d 853,

855-857 [1994]; *see also Neilson v Colgate-Palmolive Co.*, 199 F3d 642, 656 [1999]; *cf. Matter of Dery*, 86 Misc 2d 416, 417-418 [1976]; *see generally* CPLR 1207). In any event, even assuming, arguendo, that the guardian ad litem was authorized to apply to the court for approval of the settlement, we would nevertheless conclude that, in view of the apparent merit of the lawsuits and the terms of the settlement, the settlement and resultant discontinuance of the lawsuits cannot be said to have been in decedent's best interests (*see generally Matter of Aho*, 39 NY2d 241, 246-248 [1976]; *Matter of Feliciano v Nielsen*, 290 AD2d 834, 835-836 [2002]). We note in particular that, under the terms of the settlement, there was no fair consideration for the discontinuance of the lawsuits. We thus conclude that it constituted an abuse of discretion for the court to approve the settlement on the terms agreed to by the guardian ad litem and decedent's opponents in the lawsuits. We therefore reverse the order in appeal No. 2 and vacate the agreement and stipulation.

We conclude with respect to appeal No. 1 that the challenge to the denial of that part of Robert's motion seeking to preclude the guardian ad litem from entering into the settlement has been rendered moot by our reversal of the order in appeal No. 2. We further conclude that the challenge to the denial of that part of Robert's motion seeking to terminate the appointment of the guardian ad litem has been rendered moot by decedent's death during the pendency of these appeals. We therefore dismiss the appeal from the order in appeal No. 1 as moot. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Smith, JJ.